Murray *v.* Board of Supervisors of Mariposa County.

---

## MURRAY *v.* BOARD OF SUPERVISORS OF MARIPOSA COUNTY.

THE District Courts have power to grant writs of *certiorari,* to review the action of a Board of Supervisors in granting a ferry license.

A complaint which avers that plaintiff is the owner of a ferry franchise over a stream, and that the Board of Supervisors have granted license to another person to establish a ferry within less than one mile of plaintiff's ferry, without having published the notice required by statute; and that such ferry is not required by public convenience, nor rendered necessary by the intervention of any creek or ravine; and that the reason given by the board, in their

minutes, for granting the license, was, that no legal excuse was shown why it should not be granted, states sufficient facts to authorize the issuance of a writ of *certiorari*.

APPEAL from the District Court, Thirteenth Judicial District, Mariposa County.

The facts are stated in the opinion of the Court.

*Coffroth & Spaulding*, for Appellant.

The Board of Supervisors had no power to grant the second license, until it should affirmatively appear in evidence before them that public convenience, or some other one of the reasons enumerated in Sec. 6 of the act, existed at the time. (Wood's Dig. 460.) No such fact was established before the board; and the record of the board shows that no evidence, whatever, was taken before them. Thus the facts disclosed in the petition show that the Board of Supervisors acted without jurisdiction in granting the license above referred to. *Certiorari* is the proper remedy. (*The People v. Supervisors of El Dorado Co.*, 8 Cal. 61.)

*H. H. Hartley*, for Respondents.

The petition of plaintiff shows no grounds for the issuance of the writ, and the demurrer was properly overruled. It exhibited on its face, the fact, that the Board of Supervisors heard his remonstrance, and decided that he had given no legal excuse why the ferry license complained of by him should not have been granted. This was conclusive of the case. It was not necessary for the board to have spread upon their records the reasons why they had come to the conclusion they did. It was sufficient that the appellant had a hearing before them, and they decided against him. The Board of Supervisors of each county is vested with almost exclusive control over ferries, bridges, and roads; and their action is almost final, and will not be disturbed, except in cases of the most manifest abuse of their discretion. (*Waugh v. Chauncey*, 13 Cal. 11; 7 Id. 287.)

In this case, the appellant, himself, shows that the Board did recite in their record, that he had had a hearing before them; and that they had considered the reasons assigned by him, but found

them insufficient.    The writ, therefore, was properly refused, and the judgment of the Court below should be affirmed.

CROCKER, J. delivered the opinion of the Court—NORTON, J. concurring.

This is an application for a writ of *certiorari* to issue to the defendants, commanding them to certify to the District Court the proceedings of the Board of Supervisors, relating to the granting of certain ferry licenses, and that their action therein be vacated and set aside.    The defendants appeared, and demurred to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action, or to authorize the writ.    The Court sustained the demurrer, and rendered final judgment for the defendants, from which the plaintiff appeals.

The complaint avers that the plaintiff is the owner, and has been for a long time, of a franchise, sometimes a bridge, and at others, a ferry franchise, over the Merced River, at a certain place ; that the Board of Supervisors, without the notice required by statute, granted a ferry license to one Nelson, to run a ferry across said river, about twenty rods above the place of plaintiff's ferry ; and that such ferry is not required by public convenience, nor is it rendered necessary by the intervention of any creek or ravine ; that he appeared before said Board of Supervisors and opposed the granting of the license to Nelson, on the ground that the granting of the license was in violation of the statute ; that the reason given by the board, in their minutes, for granting the license, was, that due notice of the application had been given, and no legal excuse was shown why it should not be granted.

Although the complaint is very imperfectly drawn, and is not very clear in its averments, still there are sufficient facts stated to authorize the issuing of the writ.    The objections to the proceedings appear to be : 1st, that the proper notices had not been published or served, as required by the statute, to give the Board of Supervisors jurisdiction in the matter ; 2d, that the record of the board merely shows that the license was issued on the ground that no legal excuse was shown against it, when it should show affirmatively that it was required by the public convenience, or by the sit-

uation of a town or village, or the crossing of a public highway, or that the intervention of some creek or highway renders it necessary under the provisions of Sec. 6 of the Act concerning Ferries and Toll Bridges. (Wood's Dig. 460.) Sec. 456 of the Practice Act authorizes the writ of *certiorari* to issue " in all cases where an inferior tribunal, board, or officer, exercising judicial functions, has exceeded the jurisdiction of such tribunal, board, or officer, and there is no appeal, nor, in the judgment of the Court, any plain, speedy, and adequate remedy."

There can be no doubt of the power of the District Courts to grant a writ of *certiorari* to review the action of a Board of Supervisors in granting a ferry license. ( *Waugh* v. *Chauncey*, 13 Cal. 11 ; *Fall* v. *Paine*, 23 Id. 302 ; *Robinson* v. *Board of Supervisors of Sacramento*, 16 Id. 208 ; *People* v. *Supervisors of El Dorado*, 8 Id. 58.) The District Court has a clear right, upon the return of the writ of *certiorari*, to determine at least whether the board had jurisdiction of the proceeding in which the license was issued, and whether it was a case within the provisions of the statute authorizing a ferry to be established within one mile of a regularly established ferry or toll-bridge. The averments of the complaint are sufficient to show that in fact it was not such a case as would authorize them to issue a license for a new ferry, and that the proper notices necessary to give the board jurisdiction of the matter had not been served or published. Those are questions to be determined upon the return of the writ.

The judgment is reversed, and the cause remanded, and the defendants are required to answer the complaint within ten days from the service of notice of the filing of the *remittitur* in the Court below.