[Civ. No. 1029.  Third Appellate District.—February 10, 1913.]

## GREAT WESTERN POWER COMPANY (a Corporation), Respondent, v. BOARD OF SUPERVISORS OF PLUMAS COUNTY, Appellant.

INTOXICATING LIQUORS—ACT OF MARCH 25, 1909, PROHIBITING SALE WITHIN CERTAIN LIMITS OF CAMP OF MEN WORKING ON PUBLIC UTILITY.—The act of March 25, 1909, making it unlawful, with certain exceptions, for any person to sell intoxicating liquors at any place situated more than one mile outside the limits of an incorporated city or town, and within four miles of any camp or assembly of men, numbering twenty-five or more, engaged upon, or in connection with the construction, repair, or operation of any public or *quasi* public work, improvement, or utility, is valid, and a board of supervisors has no authority to license any one to violate its provisions.

ID.—CERTIORARI—REVIEW OF ORDER OF SUPERVISORS GRANTING LIQUOR LICENSE.—An order of a board of supervisors unlawfully granting a liquor license is subject to review and annulment on *certiorari*.

ID.—REVIEW OF EVIDENCE ON CERTIORARI.—In determining on *certiorari* whether the board had jurisdiction to issue a liquor license it is necessary for the court to look into the evidence upon which the order was based. In the present case, the evidence shows that the license in question was issued for a place within the limits prohibited by the act of March 25, 1909.

APPEAL from a judgment of the Superior Court of Plumas County.  J. O. Moncur, Judge.

The facts are stated in the opinion of the court.

L. H. Hughes, for Appellant.

L. N. Peter, for Respondent.

BURNETT, J.—The court below on *certiorari* annulled an order of said board of supervisors granting to one H. O. Jacobs a license to engage in the business of selling liquors at Prattville, in said Plumas County.

The application for the writ was made upon the ground that the action of said board was void by reason of the law approved March 25, 1909, [Stats. 1909, p. 722], and provid-

ing that "It shall be unlawful for any person to sell, keep for sale, or give away, any spirituous, vinous, malt or mixed intoxicating liquors at any place situated more than one mile outside the limits of an incorporated city or town, and within four miles of any camp or assembly of men, numbering twenty-five or more, engaged upon, or in connection with the construction, repair or operation of any public or *quasi* public work, improvement or utility; provided, however, that nothing in this section contained shall be deemed to apply to the sale, keeping for sale, or disposal of any such liquor at a licensed saloon or liquor store which shall have been established, or at a licensed saloon or liquor store which shall be maintained, at the time this act takes effect, upon the same premises where a licensed saloon or liquor store shall have been established, at least six months prior to the establishment of such camp or assembly of men or to the sale, keeping for sale, or disposal of any such liquors at any winery, licensed brewery or distillery, where the same is manufactured."

Preliminarily, three undisputed propositions may be stated. One is that said statute is valid, another, that the board of supervisors has no authority to license any one to violate the law, and the third, that the present case is not within any of the exceptions provided for by said statute.

There are only two controverted questions presented for consideration. One is whether the action of a board of supervisors in granting a liquor license is open to revision on *certiorari* and the other, upon the assumption that it may thus be reviewed, whether the case upon its facts is a proper one for the exercise of this extraordinary writ.

Nothing needs to be added to the discussion of the general scope and purpose of the writ of *certiorari*. It is sufficient to refer to the following decisions of our supreme court: *Whitney* v. *Board of Delegates*, 14 Cal. 479; *Levee District No. 9* v. *Farmer*, 101 Cal. 178, [23 L. R. A. 388, 35 Pac. 569]; *Stumpf* v. *Board of Supervisors*, 131 Cal. 364, [82 Am. St. Rep. 350, 63 Pac. 663]; *Borchard* v. *Supervisors* 144 Cal. 14, [77 Pac. 708].

That within the principles therein announced the action of a board of supervisors in discharging certain statutory duties involves the exercise of the judicial function and legally

invites an application for a writ of review is well settled in this and other jurisdictions.

Some of our own cases treat the subject as follows:

In *People* v. *Supervisors of Marin County,* 10 Cal. 344, it was held that "In determining upon the sufficiency of the bond of an officer, and whether the officer, by his failure to comply with the requisition of the supervisors to file a new bond, has vacated his office, the supervisors exercise power of a judicial character" and that the order made would be annulled through *certiorari* proceedings.

In *Robinson* v. *Supervisors of Sacramento,* 16 Cal. 208, it was determined that "Under the Consolidation Act of 1858 the board of supervisors of Sacramento have no power to create the office of assistant clerk to the board, nor to raise the salaries fixed in the twenty-fourth section of the act and their action in creating such office and raising such salaries may be reviewed in *certiorari.*"

In *Murray* v. *Supervisors of Mariposa County,* 23 Cal. 493, it was held that "The district courts have power to grant writs of *certiorari,* to review the action of a board of supervisors in granting a ferry license."

In *Levee District No. 9* v. *Farmer,* 101 Cal. 178, [23 L. R. A. 388, 35 Pac. 569], it was decided that, in passing upon the sufficiency of a petition for the establishment of a road, the board of supervisors exercised judicial power and, while its judgment could not be attacked collaterally, it could be reviewed upon *certiorari* where the jurisdiction of the board had been exceeded.

In *Stumpf* v. *Board of Supervisors,* 131 Cal. 364, [82 Am. St. Rep. 350, 63 Pac. 663], it was held that "An order of a board of supervisors purporting to create a sanitary district must be annulled upon writ of review where the return to the writ does not show that any evidence was taken or heard to prove the jurisdictional facts that the signatures to the petition were genuine, that twenty-five of them were resident freeholders within the proposed boundaries, and that the order calling the election was posted in three public places in the proposed district for four weeks, as required by law."

While our attention has been directed to no case in this state in which an order of a board of supervisors granting a liquor license was annulled on *certiorari,* it is clear that the

foregoing decisions involve an analogous principle to that confronting us here.

Indeed it is declared in the case of Bickerstaff, 70 Cal 35, [11 Pac. 393], that jurisdiction to issue a license to sell liquor "is put in motion by the petition and certificate; and upon the petition, fortified by the required certificate and report as evidence, the city council acts judicially in making the order." Manifestly, this is equivalent to saying that the order granting the license is subject to review in a proceeding of this nature.

In other states it has been directly held that *certiorari* is the proper remedy where the board has exceeded its authority in granting a liquor license. *State* v. *Heege*, 37 Mo. App. 338; *Rhode Island Soc.* v. *Budlong*, (R. I.) 25 Atl. 657.

The rule is stated in Black on Intoxicating Liquors, section 175, as follows: "If the power to grant or refuse licenses is vested in a board of commissioners and the matter is placed exclusively within their jurisdiction, their action in granting a license is *quasi* judicial, and if the grant would be improper the remedy is by appeal, writ of error or *certiorari*, according to the nature of the error complained of."

We conclude that the first point made by appellant is entirely without merit.

To determine whether the board had jurisdiction to grant the license, it is, of course, necessary to look into the evidence upon which the order was based. Whether it exceeded its authority can be ascertained in no other way.

As stated in the Stumpf case: "It is only the evidence heard by the board of supervisors upon questions essential to their jurisdiction that can be considered by a court in determining whether the board acquired jurisdiction to make the order creating the sanitary district; and the sufficiency of the evidence to establish the jurisdictional facts is reviewable upon the writ."

If there were substantial evidence in support of facts authorizing the board to grant the license then, manifestly, the order could not be reviewed in this proceeding. Looking at the record, however, we find that the only rational inference that can be drawn from the testimony of the witnesses before the board is that the place where the said Jacobs was licensed to engage in the liquor business was sit-

uated "more than one mile outside the limits of an incorporated city or town and within four miles of a camp or assembly of men numbering twenty-five or more engaged upon and in connection with the construction of a *quasi* public work, improvement or utility," and that the applicant had not brought himself within the exception to said statute.

It follows, therefore, that the board acted in excess of its authority, in violation of the express provisions of the law, and the court below properly annulled its order.

The judgment is affirmed.

Chipman, P. J,. and Hart, J., concurred.