[Civ. No. 1781.   Second Appellate District.—March 8, 1916.]

NATHAN RIGDON et al., Respondents, v. THE COMMON
COUNCIL OF THE CITY OF SAN DIEGO, CALI-
FORNIA (a Municipal Corporation), et al., Appellants.

CERTIORARI—ANNULMENT OF PROCEEDINGS OF PUBLIC BODY—CAPACITY
OF PETITIONERS.—On *certiorari* proceedings to annul a resolution
of the common council of a municipal corporation, the matter of the
competency of the petitioners to sue, or the sufficiency of the petition
in its statement of facts showing such competency, should be raised
and determined by objection appropriately expressed by demurrer or
motion to dismiss the proceeding, and where the objection is not
thus raised, and the return to the writ has been made, the petition-
ers are not required to make proof of their capacity.

ID.—MUNICIPAL CORPORATION—REPEAL OF LIQUOR ORDINANCE—FILING
OF REFERENDUM PETITION—SUSPENSION OF ORDINANCE—CONSTRUC-
TION OF SAN DIEGO CHARTER.—An ordinance of the city of San
Diego repealing an ordinance making it unlawful for any person
to engage in retailing intoxicating liquors outside of a designated
portion of the city is suspended under the charter provisions of such
city by the filing of a referendum petition against the repealing
ordinance within thirty days after its passage.

ID.—RESOLUTION AWARDING LIQUOR LICENSE—QUASI-JUDICIAL FUNCTION.
Under the charter of the city of San Diego, a resolution of the
common council awarding a liquor license is a *quasi*-judicial pro-
ceeding, and therefore reviewable on *certiorari.*

ID.—LIQUOR ORDINANCES — REPEAL BY IMPLICATION.—A municipal or-
dinance adopted for the direct purpose of marking out the bound-
aries of the zone outside of which there should be no retail liquor
establishments allowed, is not repealed by implication by the adop-
tion of an ordinance which, in its plain import, was designed to
regulate the granting of licenses within the zone where liquor-
dealing establishments were permitted.

APPEAL from a judgment of the Superior Court of San
Diego County.   W. A. Sloane, Judge.

The facts are stated in the opinion of the court.

T. B. Cosgrove, City Attorney, for Appellants.

John W. Rummage, and Haines & Haines, for Respondents.

JAMES, J.—On *certiorari* petitioners herein secured a
judgment annulling a certain resolution of the common coun-

cil of the city of San Diego, by which resolution a retail liquor license was attempted to be awarded to one Green. The writ issued brought before the trial court for review the resolution, the validity of which is questioned by the proceeding, as well as certain ordinances and other records of the city of San Diego. After an amended return had been made, the petitioners moved for judgment to be entered as prayed for upon the record presented in the return, and the judgment appealed from was entered responsive to such motion. The appellants brought up in their record the papers designated by section 1077 of the Code of Civil Procedure, which provides, referring to the record in proceedings of *certiorari,* that "a copy of the judgment, signed by the clerk, entered upon or attached to the writ and return, constitute the judgment-roll."

Preliminarily it is contended on behalf of the appellants that they were not accorded a hearing on the petition and writ; in other words, it is their contention that the petitioners should have been put upon proof as to all of the allegations of their petition, including the allegation as to the competency of the petitioners to appear in the proceeding. They claim the right to have tried the question as to whether the parties petitioning were "beneficially interested," as section 1069 of the Code of Civil Procedure requires that they shall be before they are entitled to invoke the aid of the court in annulling a proceeding of a public body. They assert that, under the procedure outlined in the chapter of the code regulating *certiorari* proceedings, they were not entitled to file an answer controverting the allegations of the petition, and cite *Stumpf v. Board of Supervisors,* 131 Cal. 364, [82 Am. St. Rep. 350, 63 Pac. 663], cited in *Townsend* v. *Parker,* 21 Cal. App. 317, [131 Pac. 766]. In the Stumpf case, the court said: "The return to the writ constitutes the answer, as well as evidence, and the case is heard thereon, unless upon motion an additional or amended return is made." There might be added to this citation, *Reynolds* v. *County Court,* 47 Cal. 604; *Rauer* v. *Justice's Court,* 115 Cal. 84, [46 Pac. 870]. If the return was not complete in showing all of the facts essential to any defense which respondents were entitled to make to the writ, these facts could have been certified, or the court upon motion had the right to order a statement of them into the record. (*Stumpf* v. *Board of Supervisors,* 131 Cal. 364, [82 Am. St. Rep. 350, 63 Pac. 663].) We do not agree with

counsel for appellants in his contention that, after the return to the writ was made, and no other steps were taken on behalf of the respondents in the proceeding to question the sufficiency of the petition as to the capacity of the parties petitioning to sue, the court should have demanded proof upon the allegation as to the interest it was asserted the plaintiffs had in the matter sought to be reviewed.    At such a point in the proceedings, and upon such a state of the record, the court was entitled to consider the case upon the issue of law presented by a motion for judgment upon the facts shown in the return. The matter of the competency of the parties to sue, or the sufficiency of the petition in its statement of facts showing such competency, should all have been raised and determined by objection appropriately expressed by demurrer or motion. A demurrer would call into question the sufficiency of the facts alleged in the petition showing the competency of the parties petitioning; a motion to dismiss could have been made challenging the existence of the facts asserted showing the beneficial interest of the petitioners.    This latter motion would have entitled the parties to introduce evidence by affidavit or otherwise, as the court might suggest, touching the existence of those facts.    It is not made to appear at all from the judgment-roll as brought up by appellants that they sought to raise any objection, either as to the competency of the parties petitioning, or the existence of facts showing a beneficial interest as alleged in the petition.    Respondents have presented, by way of diminution of the record, a copy of their petition, also a bill of exceptions which shows that in fact the appellants here did demur and move to quash the writ issued, which latter motion was submitted on the pleadings and record.    We are not inclined to consider this supplemental transcript for the reason that the appellants have chosen to present their appeal upon the papers and record first mentioned herein as being that record designated in section 1077 of the Code of Civil Procedure.    We think that the appeal should be decided upon that record, which brings us to the merits of the proceeding and leaves for determination the one question as to whether the resolution of the common council of the city of San Diego awarding a liquor license to Green was effective or void.    Briefly stated, the facts appearing by the amended return made to the writ show that by ordinance of the city of San Diego it was made unlawful for any person to engage in

retailing intoxicating liquors outside of a certain designated portion of the city. This ordinance was numbered 1434. On the twenty-fifth day of May, 1914, the common council adopted an ordinance repealing ordinance No. 1434, and on the seventeenth day of June following passed a resolution granting to Green a license to engage in the retail liquor business. The repealing ordinance carried a clause making it immediately effective as an urgency measure.

The charter of the city of San Diego provides that no ordinance shall become effective until thirty days have elapsed from the date of its passage, unless the occasion is certified as being one of urgency for the immediate preservation of the public peace, health, and safety. In that charter it is also provided that the right to the referendum may be invoked during the thirty days immediately following the adoption of any ordinance. A referendum petition was filed as against the ordinance of repeal and checked by the clerk and found to contain the requisite number of signatures. It was filed within the period of time limited by the charter. That the filing of this referendum petition had the effect of suspending the operation of the ordinance by which the restrictive zone ordinance was sought to be repealed, seems to be conceded. We do not find it argued on behalf of appellants that the mere fiat of the council expressed in the repealing ordinance to the effect that the public health and safety demanded that the repealing ordinance should take immediate effect, is of any force or virtue whatsoever. It has been held otherwise. (*In re Hoffman,* 155 Cal. 114, [132 Am. St. Rep. 75, 99 Pac. 517].) The subject matter affected by the ordinance was not one suggesting the propriety of the use of the emergency provision. It is claimed that the case presented was not a proper one for *certiorari,* because the action of the council which was sought to be remedied was not judicial in its nature. Primarily, of course, a city council, board of supervisors, or like body, exercises ministerial and legislative functions. Quite generally and almost invariably added to these duties is the requirement that judicial or *quasi*-judicial functions shall be called in to exercise, and generally it may be said that wherever discretionary judgment depends for its guidance upon evidence to be heard that judgment will be judicial in its nature. (*Great Western Power Co.* v. *Board of Supervisors,* 21 Cal. App. 146, [131 Pac. 88]; *Grumbach* v. *Lelande,* 154

Cal. 679, [98 Pac. 1059].)   Under the ordinance of the city of San Diego the city council was required to examine applications for liquor licenses, and, as the ordinance in its language states, "upon the presentation of such application . . . said common council shall fully investigate the question of whether the person making such application is a sober, suitable, or proper person to carry on and conduct the business for which he requests a license, and whether the place described in said application is a proper or suitable place for such business, and conforms to the requirements of this ordinance. . . . "

It is further contended that irrespective of whether the repealing ordinance has been suspended in its effect, the restrictive zone ordinance was effectually repealed by the general ordinance passed subsequent to the date of the adoption of the former and which is known as ordinance No. 2341. The ordinance which has been called the "zone" ordinance was one which by an inspection of its contents appears to have been adopted for the direct purpose of marking out the boundaries of the zone outside of which there should be no retail liquor establishments allowed. Ordinance No. 2341, in its original and amended form, was an ordinance which in its plain import was designed to regulate the granting of licenses within the zone where liquor-dealing establishments were permitted. We find no words therein contained which seem appropriate as words intended to repeal the zone ordinance, and we apply the rule of statutory construction, to wit, that a repeal by implication is not to be favored. As to whether the boundary lines fixed by the zone ordinance were fixed in such a way as to discriminate between properties upon the same street, we think is not here a question for debate. In the map attached to the return, illustrating the boundaries of the zone district, it does appear that portions of blocks have been included on the same street and other portions left out. In the absence of a contrary showing, it must be presumed that conditions existed which warranted the legislative body in fixing the boundaries of the restricted district in the way that they did. With the zone ordinance in effect, the council had no authority to license any person to conduct a retail liquor business in violation thereof, and an attempt to do this would make the act amount to an excess of jurisdiction within the control of a *certiorari* proceeding. *Great Western Power*

*Co. v. Board of Supervisors,* 21 Cal. App. 146, [131 Pac. 88], is in point.

The judgment appealed from is affirmed.

Conrey, P. J., and Shaw, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on April 7, 1916.