[Civ. No. 2876.    First Appellate District, Division One.—October 30, 1919.]

## MARION THRASHER, Respondent, v. BOARD OF MEDICAL EXAMINERS OF THE STATE OF CALIFORNIA et al., Appellants.

[1] MEDICAL LAW—UNPROFESSIONAL CONDUCT—HEARING BEFORE BOARD —HEARSAY EVIDENCE INADMISSIBLE.—In view of the provision of section 14 of the Medical Practice Act, as amended in 1915 (Stats. 1915, pp. 196, 197), that if the charges of unprofessional conduct against a physician on their face be deemed sufficient by the board of medical examiners and issue be joined thereon by answer, the board shall proceed to determine the matter, and to that end shall hear "such proper evidence" as may be adduced before it, hearsay evidence is not admissible.

[2] ID. — CHARGE OF PROCURING CRIMINAL ABORTION — PREGNANCY — ESSENTIAL ELEMENT—UNSWORN STATEMENT OF WOMAN.—In a proceeding before the Board of Medical Examiners to revoke a license to practice medicine because of unprofessional conduct in the procuring of a criminal abortion, an essential element in the case necessary to be established by competent evidence is the fact of the pregnancy of the woman upon whom the accused performed the operation, and this fact may not be shown by a written statement in the nature of a dying declaration made and signed by the patient a short while before her death.

[3] ID.—DYING DECLARATIONS—WHEN ADMISSIBLE.—Dying declarations are inadmissible except in criminal cases of homicide, and never in civil actions or proceedings.

[4] ID.—STATEMENT OF PREGNANCY—PRESENCE OF ACCUSED—DENIAL OF TRUTH—ADMISSIBILITY.—In such a proceeding, an unsworn statement of the woman as to her pregnancy is not admissible, under subdivision 3 of section 1870 of the Code of Civil Procedure, as the "act or declaration of another, in the presence and within the observation of a party, and his conduct in relation thereto," where it is shown that while said statement was being read in the presence of the woman and the accused the latter interrupted several times with questions and assertions amounting to denials of its truth, and also produced a statement of his own regarding the case which the woman had already signed as correct, in which it was asserted by him that the woman had already had a miscarriage before coming to him for treatment.

---

3. Admissibility of dying declarations, generally, note, 56 L. R. A. 353; in civil cases, note, 50 L. R. A. (N. S.) 1167.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Thomas F. Graham, Judge. Affirmed.

The facts are stated in the opinion of the court.

Harry A. Encell and Louis H. Ward for Appellants.

Samuel M. Shortridge for Respondent.

RICHARDS, J.—This is an appeal from a judgment of the superior court made and entered upon the hearing of a writ of review, setting aside and annulling an order of the Board of Medical Examiners of the state of California purporting to find and adjudge the respondent guilty of unprofessional conduct, and to revoke his license to practice medicine in this state.

The respondent was charged before said Board of Medical Examiners with unprofessional conduct under the first subdivision of section 14 of the Medical Practice Act, which provides that such unprofessional conduct shall consist in "the procuring or aiding or abetting or attempting or agreeing or offering to procure a criminal abortion." The respondent appeared before said board upon said charge and a hearing was had, during the course of which certain essential evidence in support of said charge was admitted over the objection of respondent as to its competency. At the conclusion of the hearing the said board adjudged the respondent guilty of the said charge, and ordered his license to practice medicine revoked. Thereupon the respondent applied for a writ of review to the superior court which, upon the hearing on said writ, annulled the said judgment and order of the Board of Medical Examiners, whereupon the latter have prosecuted this appeal.

[1] The chief contention of the respondent at the hearing upon said writ and also upon this appeal is that the Board of Medical Examiners received in evidence over his objection certain hearsay evidence which was not admissible under the rules with regard to the admission of evidence by which said Board of Medical Examiners must be governed in proceedings before it. Section 14 of the Medical Practice Act, as amended in 1915 (Stats. 1915, pp. 196, 197), provides in respect to

such cases that "If the charges on their face be deemed sufficient by the board, and issue be joined thereon by answer, the board shall proceed to determine the matter, and to that end shall hear such proper evidence as may be adduced before it." In the case of *Englebretson* v. *Industrial Acc. Com.*, 170 Cal. 793, [151 Pac. 421], the supreme court of this state, in construing the terms of the statute then in force in relation to the rules of evidence governing hearings before said commission (which was much more broad and liberal than the terms of the Medical Practice Act above quoted), held that hearsay evidence was inadmissible upon hearings before tribunals of that character, and annulled the award of said commission because of its error in the admission of such evidence. In the later case of *Connolly* v. *Industrial Acc. Com.*, 173 Cal. 405, [160 Pac. 239], this ruling was affirmed.

We have no doubt that the principle enunciated in these cases is to be given full application to hearings before the Board of Medical Examiners, in view of the language of the statute above quoted, which limits the power of said board to the hearing only of "such proper evidence as may be adduced before it." In the case of *Englebretson* v. *Industrial Acc. Com., supra*, it was further held that where the ruling of the inferior tribunal upon an essential element in the case was based solely upon the hearsay evidence which had been thus improperly admitted, the judgment of such tribunal would be annulled upon a writ of review. [2] In the instant case it is admitted that an essential element in the case necessary to be established by competent evidence was the fact of the pregnancy of the woman upon whom the respondent performed the operation. It is the contention of the respondent herein that the only substantial evidence upon this essential element in the case was wholly hearsay, and particularly that the chief evidence upon this point consisted in a written statement in the nature of a dying declaration made and signed by the patient a short while before her death. We have examined carefully the record before us, and find that this contention of the respondent as to the state of the evidence must be sustained, and that aside from said written statement of the woman there is not only a dearth of evidence of her pregnancy in the record, but that upon that feature of the case the testimony of the autopsy surgeon strongly supports the respondent's claim that the woman was not in

fact pregnant when the operation, which was in the nature of a curettement, was performed.

The question then remains as to whether the written but unsworn statement of the deceased woman was admissible upon the hearing before the Board of Medical Examiners, either as a dying declaration or upon any other theory which would take it out of the objection to it as hearsay.  **[3]**  That it was not admissible in this particular proceeding as a dying declaration the authorities seem uniform and clear, holding that such declarations are inadmissible except in criminal cases of homicide, and never in civil actions or proceedings. (Code Civ. Proc., sec. 1870, subd. 4; Jones on Evidence, sec. 332; 21 Cyc. 981, and cases cited; *People* v. *Hall*, 94 Cal. 595, [30 Pac. 7].)  **[4]**  It is in fact conceded by the appellants herein that the statement in question was not admissible as a dying declaration, but it is insisted by the appellants that it was admissible upon another ground and under subdivision 3 of section 1870 of the Code of Civil Procedure, as the "act or declaration of another, in the presence and within the observation of a party, and his conduct in relation thereto." The record of the proceedings had before the Board of Medical Examiners does in fact disclose that the written statement of the respondent's patient was read in the respondent's presence and hearing while she was in the hospital and near to death, but it also discloses that while said statement was being read the respondent interrupted it several times with questions and assertions amounting to denials of its truth, and also produced a statement of his own regarding the case which the woman had already signed as correct, in which it was asserted by him that the patient had already had a miscarriage before coming to him for treatment.  To such a state of the record the language of the supreme court in the case of *People* v. *Teshara,* 134 Cal. 542, [66 Pac. 798], has exact and special application.  The court there says: "The court also erred in refusing to strike out the evidence of Patton and Mullen as to the accusation made by Loucks when Amaya and defendant were brought to his bedside.  The statement made by Loucks at that time was hearsay, and Teshara made no admission of its truth, either expressly or tacitly.  He expressly denied it.  The court and the district attorney seem to have lost sight of the fact that it is not the accusation but the conduct of the accused that is evidence in such cases,

and that the only reason for admitting the accusation is to explain the conduct.  The district attorney should not have offered this evidence, knowing, as he did, that Teshara had not remained silent under the accusation, but had repelled it at the time it was made.''  (See, also, *People* v. *Ah Yute,* 54 Cal. 89; *People* v. *Hartwell,* 37 Cal. App. 799, [175 Pac. 21].)

It will thus be seen that the unsworn statement of the woman as to her state of pregnancy at the time of the respondent's treatment of her case was not competent evidence of the fact of such pregnancy, and that the respondent's acts and conduct in respect thereto cannot be held to amount to an admission of the truth of her statement in that regard. It follows that there was no sufficient evidence before the Board of Medical Examiners upon that essential feature of the case to justify it in finding the respondent guilty upon the charge before it and in making its order revoking his license to practice medicine.  The trial court was therefore correct in its ruling that such finding and order were unsupported by evidence and hence beyond the jurisdiction of said board.

Judgment affirmed.

Kerrigan, J., and Beasly, P. J., *pro tem.,* concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on November 28, 1919, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 29, 1919.

All the justices, except Wilbur, J., concurred.