[L. A. No. 9389.   Department Two.—June 12, 1928.]

ROBERT W. RENWICK, Respondent, v. P. T. PHILLIPS et al., Members of the Board of Medical Examiners, etc., Appellants.

A. B. Bianchi for Appellants.

Wilbert C. Hamilton for Respondent.

RICHARDS, J.—This appeal is from a judgment of the superior court in and for the county of Los Angeles, setting aside and annulling an order of the Board of Medical Examiners of the State of California revoking the license of one Robert W. Renwick, the petitioner and respondent herein, which license entitled him to practice medicine and surgery in this state. The order of said board was made after a hearing before it, conducted under the provisions of section 14 of the Medical Practice Act, the specific charge made against the petitioner and respondent being that of having been guilty of unprofessional conduct as the same is defined under the terms and pro-

visions of subdivision 7(a) of section 14 of said act (Stats. 1925, p. 278), and which alleged unprofessional conduct consisted in the aiding and abetting of one Roy Finney in practicing a system and mode of treatment of the sick and afflicted, said Finney being then and there without and not having a valid unrevoked certificate of license from the state Board of Medical Examiners which would have permitted him to do the act or acts in the doing of which the petitioner and respondent herein was charged with having aided and abetted him.

The petitioner was a licensed chiropodist. The said Roy Finney conducted a chiropodist parlor, equipped with a variety of foot remedies and appliances which he prepared and sold there. He employed the petitioner and respondent herein to act as a chiropodist in connection with his said establishment and to give such treatment and perform such operations as only could be done by the holder of a regular chiropodist's license so to do. In so far there was nothing illegal or unprofessional in the relations or conduct of Dr. Renwick in his connection with said Finney at the latter's place of business; nor was there any evidence presented before the medical board, with the exception of the single episode upon which the charge against the petitioner and respondent herein was founded, which showed or sufficiently tended to show that Finney had ever, previous to said occurrence, performed or attempted to perform any act or operation which could only be performed by a licensed chiropodist. The single episode testified to before the Board of Medical Examiners occurred, admittedly, during the absence of Dr. Renwick and without any knowledge, concurrence or consent on his part. Upon the hearing before the trial court the evidence was fully presented and carefully considered and reviewed by Judge Hartley Shaw, who, after such consideration and review, reached the conclusion that the evidence was wholly insufficient to justify or sustain the order of the Board of Medical Examiners revoking the petitioner's license, and he accordingly annulled said order. Without again essaying a review herein of such evidence, we deem it sufficient to say that after a full consideration thereof we are in accord with the views expressed in the judgment of the trial court.

It has been uniformly held, both by the appellate tribunals and by this court, that in the absence of proper and sufficient evidence to sustain similar orders on the part of the Board of Medical Examiners there exists such a lack of jurisdiction as would justify the annulment of such orders upon a writ of review. (*Thrasher* v. *Board of Medical Examiners*, 44 Cal. App. 26 [185 Pac. 1006]; *Lanterman* v. *Anderson*, 36 Cal. App. 472 [172 Pac. 625]; *Suckow* v. *Alderson*, 182 Cal. 247 [187 Pac. 965].)

The judgment is affirmed.

Shenk, J., and Tyler, J., *pro tem.*, concurred.