[Civ. No. 5216. Second Appellate District, Division One.—July 3, 1928.]

PHILIP DYMENT, Appellant, v. BOARD OF MEDICAL EXAMINERS et al., Respondents.

L. E. Dadmun for Appellant.

A. B. Bianchi for Respondents.

HOUSER, J.—In a proceeding instituted before the respondent Board of Medical Examiners the license of appellant to practice medicine and surgery in this state was revoked. Thereafter appellant filed in the superior court a petition for a writ of *certiorari*, in which it was prayed that the proceedings before said board which resulted in the order for the revocation of petitioner's license to practice medicine and surgery be reviewed and said order annulled. The respondent board demurred to said petition, with the result that the demurrer was sustained without leave to amend the petition. Thereupon judgment was entered in favor of respondent; and it is from such judgment that this appeal is prosecuted.

In substance, one of the contentions of appellant rests upon the allegation in his petition for a writ of *certiorari* to the effect that because one of the members of respondent Board of Medical Examiners was prejudiced against petitioner, and because, in the circumstances, the vote of such member was necessary in order that a legal order of revocation of the license of petitioner be made by said board, a qualified *quorum* of said respondent board was not present at its proceedings in said matter, and, consequently, that it was without jurisdiction in the premises. It thus appears

that, as to this contention, specifically the question of whether the petition presented to the superior court stated a cause of action depended upon whether the alleged prejudice toward the accused of an essential member of the trial board amounted to his legal disqualification.

It is urged by appellant that in the matter of determining the issues in the proceeding before the Board of Medical Examiners such board was necessarily acting in a *quasi*judicial capacity; and, consequently, that any disqualification arising from bias or prejudice which, in similar circumstances, would so affect a judge as to prevent him from acting judicially in a matter pending in the court in which he was presiding, would also act as a like disqualification when applicable to a member of a board sitting in a *quasi*judicial capacity.

Subdivision 4 of section 170 of the Code of Civil Procedure in substance provides that no justice, judge or justice of the peace shall sit or act as such in any action or proceeding when it appears that either party to such litigation cannot have a fair and impartial trial before such judicial officer by reason of his prejudice or bias. As originally enacted prejudice or bias of the judge before whom an action or proceeding was to be tried was not a ground for his disqualification. Beginning as early as the case of *McCauley* v. *Weller,* 12 Cal. 500, and continuing in an unbroken line of decisions through the supreme court of this state, as expressed in *People* v. *Mahoney,* 18 Cal. 185, *People* v. *Williams,* 24 Cal. 31, *People* v. *Shuler,* 28 Cal. 490, *Hibberd* v. *Smith,* 39 Cal. 145, *Bulwer Mining Co.* v. *Standard Mining Co.,* 83 Cal. 613 [23 Pac. 1109], and *In re Jones,* 103 Cal. 397 [37 Pac. 385], it is held that bias or prejudice on the part of the trial judge constitutes no legal incapacity to sit on the trial of a cause. That such was the law of this state until the adoption of an amendment to section 170 of the Code of Civil Procedure, by which bias and prejudice of a trial judge was expressly made a ground of disqualification, is attested by the statement occurring in *People* v. *Compton,* 123 Cal. 403, 412 [56 Pac. 44, 48], that "while at civil law the bias or prejudice of a judge against a litigant was a valid ground of recusation, as it was valid ground of challenge against a juror, it was not so at common law, nor has

it been so in this state until the change effected by a recent amendment to the code.''

 Since before the enactment of the special statute relating thereto bias or prejudice did not constitute a valid ground of disqualification of a judicial officer, it is apparent that in the absence of an inclusion in the statute of a provision affecting members of boards of medical examiners, any bias or prejudice of any of such members in a matter pending before such board would have no effect upon its jurisdiction. The case of *Butler* v. *Scholefield*, 54 Cal. App. 217 [201 Pac. 625], is decisive of the point. The authorities are there reviewed and it is held that although, while engaged in the prosecution of a charge against an employee of the county, its board of supervisors in a sense exercises judicial functions, strictly speaking its action is merely administrative; and that a member of the board who is biased or prejudiced, as evidenced by his activities in the matter preceding or during the hearing, is not for such reason disqualified to sit in such matter as a member of the board.

 It is next contended by appellant that because the petition contained an allegation to the effect that the *only evidence* introduced at the hearing of the charge against petitioner was hearsay, the demurrer to the petition was improperly sustained.

In addition to the allegation to which attention has just been directed, the petition purports to set forth a substantial *résumé* of all the evidence adduced before the Board of Medical Examiners on the hearing of the charge. It is a well-established rule that for the purpose of ruling on a demurrer, all the well-pleaded allegations contained within the complaint are presumed to be true. It would serve no useful purpose to herein set forth the evidence introduced before the respondent medical board in support of the charge against petitioner herein. Suffice it to say that, assuming, as it must, that the evidence to which attention is directed by the allegations of the petition was *all* the evidence presented in substantiation of the charge, this court is convinced that under the ordinary rules of evidence, while (assuming its substantiation) in *substance* it may have been properly admissible in evidence, nevertheless in the *form* in

which it was attempted to be introduced, it was altogether hearsay and incompetent.

Section 14 of the act regulating the examination of applicants for license to treat diseases, etc. (Stats. 1913, p. 722, and various amendments thereto), among other things, provides in effect that in determining the issues presented in a charge wherein the object is the revocation of the license of a medical practitioner, the board "shall hear such proper evidence as may be adduced before it."

Analogously, it may be noted that by section 77 of the Workmen's Compensation, Insurance and Safety Act as originally enacted in this state (Stats. 1913, p. 279), it was provided that the industrial accident commission should not be bound "by the technical rules of evidence." Nevertheless, it was held in the case of *Englebretson* v. *Industrial Accident Commission,* 170 Cal. 793 [151 Pac. 421], that the commission had no power to make an award where the only evidence in the case consisted of hearsay testimony. To the same effect is the ruling in *Connolly* v. *Industrial Accident Commission,* 173 Cal. 405, 410 [160 Pac. 239].

The case of *Thrasher* v. *Board of Medical Examiners,* 44 Cal. App. 26 [185 Pac. 1006], like the instant proceeding before this court, was an appeal from a judgment of the superior court made and entered upon a hearing of a writ of review on an order made by the Board of Medical Examiners revoking a license to practice medicine and surgery in this state. The chief contention on the appeal related to the admissibility and the effect of hearsay evidence. The matter was thoroughly considered, especially in view of the provision of the statute that on the hearing of charges against a medical practitioner the Board of Medical Examiners had power to "hear such proper evidence" as might be adduced before it. It was there held that an order made by such board, based solely upon hearsay evidence, was without legal support and consequently was beyond the jurisdiction of the board. While in the later case of *Minaker* v. *Adams et al., as Members of the Board of Medical Examiners,* 55 Cal. App. 374 [203 Pac. 806], the correctness of the ruling in the Thrasher case is recognized, it is held that because, aside from the hearsay evidence introduced at the hearing before the Board of Medical Examiners, other unobjectionable evidence was introduced which in itself was

sufficient to sustain the order of the board, the error relating to the hearsay evidence was overcome, with the result that the board had jurisdiction to make the order of which complaint was made.

On this appeal this court is bound by the allegations contained within the petition presented to the lower court.

As hereinbefore indicated, in the state of the record it appears that none of the evidence received by the respondent board on the hearing of the charges against the appellant was properly admissible; from which it results that said board was without jurisdiction to make its order revoking the license of appellant to practice medicine and surgery in this state.

Further history of the present litigation discloses the fact that some time in the month of August, 1920, in a proceeding brought before the Board of Medical Examiners, appellant was charged "with having been guilty of unprofessional conduct by violating section 14 of chapter 354 of the Statutes of 1913, and acts amendatory thereof, of the State of California, in that he, Philip Dyment, procured by fraud and misrepresentation a certificate to practice medicine and surgery in the State of California." After hearing thereon, the Board of Medical Examiners adopted a resolution by which the license of appellant to practice medicine and surgery in this state was revoked. Thereafter, on appeal from a judgment in a proceeding in *certiorari* in the superior court by which the order of the Board of Medical Examiners was affirmed (57 Cal. App. 260 [207 Pac. 409]), it was held by this court, as well as by the supreme court in a memorandum opinion rendered on the denial of an application for hearing in that court, that the complaint before the Board of Medical Examiners by which the appellant was charged "with having been guilty of unprofessional conduct" was insufficient to give the board jurisdiction. The judgment of the superior court was reversed, with directions to it to enter judgment annulling the order made by the Board of Medical Examiners, and directing the board to take such further proceedings in the matter "as it might be advised. . . . " Pursuant to such last-mentioned order and direction, the superior court caused to be entered a judgment which, among other things, provided for the annulment of the order of revocation of the license of appellant,

but "that the Board of Medical Examiners may take any and such further proceeding as they may see fit. . . . " Thereupon, the complaint upon which this proceeding is founded was filed, wherein it was charged that appellant was "not a fit and proper person to practice medicine and surgery in the State of California"—the specific acts and conduct of appellant leading to which statement or charge being specifically set forth. In his answer to such charge, among other things, in effect the accused pleaded *"res adjudicata."*

In the former proceeding between the same parties the effect of the judgment rendered by this court (57 Cal. App. 260 [207 Pac. 409]), is that by reason of the fact that the complaint failed to set forth sufficient facts the Board of Medical Examiners was without jurisdiction to enter its order in the premises; or, in other words, that a demurrer to the complaint on the ground that it failed to state facts sufficient to constitute a cause of action should have been sustained. By California authorities (15 Cal. Jur., p. 127), the law appears to be settled that, while a judgment upon the sustaining of a demurrer to the complaint for failure to state a cause of action is a bar to a subsequent action setting up the same facts, that effect is not produced if in the second case an essential fact, missing in the first case, be supplied. It follows that the plea of *"res adjudicata"* cannot be sustained. It therefore becomes unnecessary to consider other reasons suggested as being fatal to such plea.

It is ordered that the judgment be and it is reversed.

Conrey, P. J., and York, J., concurred.