[Civ. No. 666. Fourth Appellate District.—October 20, 1932.]

SECURITY FIRST NATIONAL BANK OF LOS ANGELES, Respondent, v. BOARD OF SUPERVISORS OF RIVERSIDE COUNTY et al., Appellants; THE LOVELAND ENGINEERS, INC. (a Corporation), Intervener and Appellant.

Earl Redwine, District Attorney, and George A. French, Deputy District Attorney, for Appellants.

James A. Hall for Intervener and Appellant.

A. Heber Winder for Respondent.

AMES, J., *pro tem.*—This is a motion to dismiss the appeal on the ground that the appellants failed to comply with certain portions of rule VIII of the Rules of this court, adopted by the Judicial Council of the State of California on the sixth day of May, 1932, and which took effect on the first day of July, 1932.

In its notice of motion to dismiss the appeal respondent has not sufficiently designated the portions of rule VIII which it claims have been violated by the appellants, but from a memorandum of points and authorities attached to its notice of motion it appears that it relies upon certain portions of sections 2 and 3 of said rule. Specifically, it contends that appellants have failed to observe that portion of section 2 of rule VIII which reads as follows: ''A statement of the question involved on an appeal in a civil action shall be set forth on the first page of the appellant's opening brief, and without any other matter appearing thereon.'' The purported statement in appellants' brief which appears on the first page thereof is as follows: ''This is an appeal from a judgment rendered in favor of the petitioner and against the defendants and intervener, in the Superior Court of the County of Riverside, State of California, Judge F. A. Leonard, of San Bernardino County, presiding. The decision being that the Hemet Irrigation District is invalid.''

It will be noted that the foregoing statement does not accurately disclose what questions are raised as affecting the validity or invalidity of the Hemet Irrigation District. However, appellants have attempted to comply with the said rule. Their brief was filed in this court on September 13, 1932, about two and one-half months after the above-quoted portion of rule VIII went into effect and before the appellate courts had had an opportunity to construe the same. For that reason and in the interest of securing a hearing upon

the merits we believe the motion upon that ground should be denied.

■ It further appears from the points and authorities attached to respondent's notice of motion that his motion is based upon appellants' failure to set forth in their brief in general terms the substance of the pleadings. The portion of rule VIII of which respondent claims this omission is a violation reads as follows: "The pleadings need not be printed in such briefs, but the nature of the action and the substance of the pleadings must be stated in general terms."

The proceeding in the lower court was instituted by filing a petition for a writ of review for the purpose of reviewing proceedings before the board of supervisors which terminated in a judgment annulling certain resolutions and orders of the board of supervisors purporting to create the Hemet Irrigation District, and from such order the appeal is taken upon the judgment-roll on a typewritten record.

■ In a proceeding in *certiorari* the judgment-roll consists of a copy of the judgment signed by the clerk entered upon or attached to the writ and return. (Sec. 1077, Code Civ. Proc.; *Rauer* v. *Justice's Court*, 115 Cal. 84 [46 Pac. 870].) It has also been held that the return to the writ constitutes the answer as well as the evidence. (*Rigdon* v. *Common Council*, 30 Cal. App. 107 [157 Pac. 513]; *Stumpf* v. *Board of Supervisors*, 131 Cal. 364 [63 Pac. 663, 82 Am. St. Rep. 350].) In conformity with the provisions of section 1077 of the Code of Civil Procedure the judgment and return are incorporated in the record. In this case appellants' brief sets out in chronological order the various steps taken by the board of supervisors in the purported creation of the Hemet Irrigation District and parenthetically refers to those portions of the clerk's transcript in which copies of such proceedings appear and while the substance of this return which must be viewed as a pleading may not have been stated with the brevity contemplated by section 3 of rule VIII, we think that the statement contained in the brief is a substantial compliance with said rule.

It is ordered that the motion to dismiss the appeal be and the same is hereby denied.

Barnard, P. J., and Marks, J., concurred.