[L. A. No. 18350. In Bank Sept. 29, 1942.]

O. P. WALKER, Appellant, v. THE CITY OF SAN GA-
BRIEL (a Municipal Corporation) et al., Respondents.

Keller & Smith and Morris Lavine for Appellant.

Herbert S. Farrell for Respondents.

SHENK, J.—The petitioner applied to the Superior
Court in Los Angeles County for a writ of certiorari to annul
an order of the city council of the respondent city of San
Gabriel revoking his license to conduct an automobile wreck-
ing business in that city. The trial court issued an alterna-
tive writ of mandamus as an appropriate step in the pro-
ceeding. Issue was joined by the respondents' answer. After
the introduction of oral and documentary evidence the re-
spondents moved for a judgment of nonsuit, which was

granted. The petitioner appealed. The following are the facts disclosed at the trial:

For thirteen years prior to January, 1941, the petitioner had conducted an automobile wrecking business in the city of San Gabriel. On the 22nd day of that month he received notice that the city council proposed to revoke his license to operate his business, and that January 28, 1941, was fixed as the time for a hearing. An ordinance of the city required the issuance of a license to engage in the business of automobile wrecking. It provided that such a license be issued and accepted with the understanding that the city council might revoke it upon being satisfied that any term or condition thereof had been violated or that the holder was an unfit person to be entrusted with the privilege granted by the license. It was expressly provided that before any license be revoked for any of the reasons stated the holder should be given an opportunity to be heard by notice in writing fixing the time for hearing.

On January 28, 1941, the time fixed in the notice, the petitioner appeared before the city council with his attorney, who informed the members of the council that ''Mr. Walker stood ready, able and willing to produce evidence and testimony as to why his license should not be revoked, but should await the evidence of why it should be.'' Whereupon Police Officer Jorgensen read a letter addressed to the city council and signed by the chief of police of the city. That letter set forth numerous charges against the petitioner, claimed to be violations of the ordinances of the city or otherwise deemed sufficient to justify a revocation of the license.

Thereupon the petitioner was asked if he had anything to say. His attorney replied that until the persons making the complaints were produced, and an opportunity given to cross-examine them, there was no evidence before the city council and nothing for the petitioner to refute. The city council offered to continue the hearing to a later date if the petitioner desired to introduce evidence on his own behalf. But the petitioner, through his attorney, declined to produce any witnesses until witnesses supporting the charges made by the chief of police had been produced and subjected to cross-examination. The city council thereupon revoked the petitioner's license.

At the trial the sufficiency of the notice to revoke the

license and of the fixing of the time for hearing was conceded by the petitioner. His principal contention then and now is that the city council acted arbitrarily and committed an abuse of its discretion when it revoked his license upon hearsay evidence only.

Either certiorari or mandamus is an appropriate remedy to test the proper exercise of discretion vested in a local board. (*Garvin* v. *Chambers,* 195 Cal. 212 [232 Pac. 696]; *Mann* v. *Tracy,* 185 Cal. 272 [196 Pac. 484]; *Dierssen* v. *Civil Service Commission,* 43 Cal. App. (2d) 53 [110 P. (2d) 513]; *Naughton* v. *Retirement Board of San Francisco,* 43 Cal. App. (2d) 254 [110 P. (2d) 714].)

It is not contended that the provisions of the ordinance are not in conformity with the requirement of due process (see *Carroll* v. *California Horse Racing Board,* 16 Cal. (2d) 164 [105 P. (2d) 110], and cases cited). But it is claimed that the city council had no power to revoke the petitioner's license without a showing of just cause, as defined by the ordinance, and that the letter from the chief of police, being hearsay only, did not constitute competent evidence that just cause existed.

It is well settled that a board commits an abuse of discretion when it revokes a license to conduct a legitimate business without competent evidence establishing just cause for revocation, and that hearsay evidence alone is insufficient to support the revocation of such a license. In *Consolidated Edison Co.* v. *National Labor Relations Board,* 305 U. S. 197 [59 S. Ct. 206, 83 L. Ed. 126], the Supreme Court of the United States observed at page 230 that the ''assurance of a desirable flexibility in administrative procedure does not go so far as to justify orders without a basis in evidence having rational probative force. Mere uncorroborated hearsay or rumor does not constitute substantial evidence.'' There must be substantial evidence to support such a board's ruling, and hearsay, unless specially permitted by statute, is not competent evidence to that end. (See *Englebretson* v. *Industrial Acc. Com.,* 170 Cal. 793 [151 Pac. 421]; *Employers Assurance Corp.* v. *Industrial Acc. Com.,* 170 Cal. 800 [151 Pac. 423]; *State Compensation Ins. Fund* v. *Industrial Acc. Com.,* 195 Cal. 174 [231 Pac. 996]; *Smith* v. *Board of Police Commissioners,* 1 Cal. App. (2d) 292 [35 P. (2d) 555, 36 P. (2d) 670]; *Dyment* v. *Board of Medical Exam-*

*iners,* 93 Cal. App. 65 [268 Pac. 1073] ; *Thrasher* v. *Board of Medical Examiners,* 44 Cal. App. 26 [185 Pac. 1006].)

There was no evidence before the city council on the hearing to revoke the petitioner's license except the letter from the chief of police enumerating the charges against the petitioner. It was on that evidence alone that the council purported to revoke his license. The letter was competent only as a statement of the charges against the petitioner, but was not competent evidence of the truth of the charges stated therein. In the absence of competent proof of the charges against the petitioner the city council was without power to revoke his license and therefore abused its discretion in doing so.

The judgment is reversed.

Curtis, J., Carter, J., and Peters, J. pro tem., concurred.

TRAYNOR, J., Concurring.—The city council did not reserve the power to revoke licenses at its discretion. It reserved the power to revoke, if it adjudged, after a hearing on the law and the facts, that a legal ground for revocation was established. The ordinance vested the · adjudicating function in the council and prescribed that it should be exercised only after a hearing. It is sufficient to hold that the hearing intended was an adversary hearing, at which evidence was to be taken and a decision made, based on that evidence. The city had the burden of establishing its case, and until it introduced evidence the defendant licensee rightly took the position that there was no evidence to rebut. The majority opinion correctly characterizes the letter read by the police officer as a recital of the charges. The case may be disposed of simply on the ground that no hearing on these charges was had. If, however, the paper is to be regarded as evidence, it is clearly hearsay that would be inadmissible in a court trial if proper objection were made. In administrative hearings hearsay commonly is admissible even over objections (Wigmore, Evidence [3d ed.], vol. 1, §§ 4-b, 4-c), and the court does not now decide that it is not. What the court decides is that, in the absence of statutes to the contrary, there is no substantial evidence to support an administrative decision if the only evidence is hearsay. Accordingly, the majority opinion assumes that in reviewing the decision of a local administrative tribunal with respect to a disputed issue of fact the trial court can go no further

than to inquire if the administrative tribunal had before it any substantial evidence to support its decision, whether the review is by mandamus or by certiorari.

The opinion cites with approval *Dierssen* v. *Civil Service Commission,* 43 Cal. App. (2d) 53 [110 P. (2d) 513]; and *Naughton* v. *Retirement Board of San Francisco,* 43 Cal. App. (2d) 254 [110 P. (2d) 714]. The first case held that anyone attacking the decision of a local adjudicating board by petition for mandate must allege that the board acted fraudulently, capriciously, or arbitrarily, and that a charge against the board's decision of issues of fact is not sustained if the board had any substantial evidence before it to sustain its decision. The second case cited followed the same rule. The majority voted to annul the decision of the board on the ground that there was no evidence in the record to support the board's finding. Peters, J., concurring, said: "If *mandamus* is used, the extent of the 'review' is to determine, as pointed out in the main opinion, whether 'the local board has acted arbitrarily and clearly in abuse of its discretion.' So far as the evidence is concerned, that means that the superior court's power is limited to determining whether there is any substantial evidence to support the findings of the board. There is no doubt that the cases hold, as stated in the main opinion, that mandamus may be used by the aggrieved party. Whichever remedy is used, so far as the evidence is concerned, the extent of the 'review' is exactly the same."

Why permit mandamus to be extended to reach a result that would have been reached by certiorari? It would be better to preserve the traditional distinctions between the two writs. In this instance certiorari was clearly the applicable writ. (*Garvin* v. *Chambers,* 195 Cal. 212 [232 Pac. 696]; *Legault* v. *Board of Trustees,* 161 Cal. 197 [118 Pac. 706, 39 L. R. A. (N. S.) 519]; *Murray* v. *Supervisors,* 23 Cal. 492, 493; *Nider* v. *City Commission,* 36 Cal. App. (2d) 14 [97 P. (2d) 293]; *Rigdon* v. *Common Council,* 30 Cal. App. 107 [157 Pac. 513]; *Great Western Power Co.* v. *Supervisors,* 21 Cal. App. 146 [131 Pac. 88].) On certiorari the court would have directed the council to certify up the record of its proceedings, and would readily have determined whether that record showed that the council had before it any substantial evidence to support its decision. Instead, the court, proceeding by mandamus, permitted persons who

were present at the council meeting to testify as to what occurred there and to give oral evidence as to what evidence was presented at the council meeting. Counsel for the city objected that the best evidence rule was thereby violated, but the objection was overruled. If the record of the hearing before the council had been introduced, as it should have been, the court would then have been in the same position as if it had proceeded by certiorari.

While the law thus seems to be settled in this state that local agencies may exercise adjudicating powers and that their decisions are respected by courts if there is substantial evidence to support them, it is anomalous that the Legislature is without power to put the decision of state boards on the same footing. In *Laisne* v. *California State Board of Optometry*, 19 Cal. (2d) 831 [123 P. (2d) 457], a majority of this court held that it would be an unconstitutional vesting of judicial power in a state board to give any degree of finality to its decision of issues of fact in the revocation of a professional license. In consequence, there must be a complete judicial retrial of its fact decisions. The objections to that doctrine are set forth at length in the dissenting opinion in the Laisne case. The majority opinion there concluded that such constitutional judicial power could be vested in local administrative bodies and that the exercise of such power could be controlled, as to local boards, by the writ of certiorari. (*Laisne* v. *California State Board of Optometry, supra,* p. 847.) The inconsistency in characterizing the revocation of a license by a state-wide board as ministerial and reviewable by mandamus, while the same function when performed by a local board would be judicial and reviewable by certiorari, has been pointed out in the Laisne dissent and elsewhere. (*Laisne* v. *California State Board of Optometry, supra,* p. 869; see Elliott, *Certiorari and the Local Board* [1941], 29 Cal. L. Rev. 586, 598; McGovney, *Court Review of Administrative Decisions* [1942], 15 So. Cal. L. Rev. 391, 409; Turrentine, *Restore Certiorari to Review the Acts of State-Wide Administrative Bodies in California* [1941], 29 Cal. L. Rev. 275; [1937] 25 Cal. L. Rev. 694, 704.)

If the writ of certiorari lies to review the revocation of petitioner's license by the local board in the present case, it would follow under the majority opinion in the Laisne case that an exercise of constitutional judicial power is involved. Upon what ground, then, can it be held consistently

that the writ of mandate is available? There is no refusal to perform a ministerial duty or absence of an adequate remedy, as in *Drummey* v. *State Board of Funeral Directors & Embalmers*, 13 Cal. (2d) 75 [87 P. (2d) 848]. (See *Laisne* v. *California State Board of Optometry, supra,* p. 833.) The only plausible explanation for the extension of mandate to review the acts of local boards seems to be the unexpressed recognition that it is irrational to hold that a particular activity, the revocation of licenses, is nonjudicial and reviewable exclusively by mandate when the revocation is by a state-wide board and still adhere to the older doctrine that it is a judicial function and reviewable by certiorari exclusively when the revocation is by a local agency.

If it were contended that the record of the city council's hearing disclosed that it had before it other evidence supporting its decision than that disclosed by the testimony in the trial court, there would be no alternative but to remand the case to the trial court, with instructions to issue a writ of certiorari. Since it appears, however, that in the trial court counsel for the city did not contend that the city council had before it any other evidence, it seems that the result would have been the same had the case been tried on certiorari. Consequently, it is unnecessary to dissent from the judgment.

Gibson, C. J., and Edmonds, J., concurred.