[S. F. No. 9721. In Bank.—March 10, 1921.]

JAMES MANN, Respondent, v. GEORGE A. TRACY et al., Appellants.

[1] MUNICIPAL CORPORATIONS—SAN FRANCISCO CIVIL SERVICE COMMISSION—DURATION OF ELIGIBLE LIST—REASONABLE ORDER.—An order of the Civil Service Commission of the city and county of San Francisco contained in a notice of examination stating that the determination as to eligible persons resulting from the proposed examination and the entry thereof in the register of eligible persons should cease to be in force after three years from the date of the determination and adoption of the eligible list, was not unreasonable, since it is to be assumed that the commission was of the opinion that after the lapse of three years the examination would not be a reasonable test of the continued fitness of the persons on the register.

[2] ID.—NOTICE OF EXAMINATION—STATEMENT AS TO DURATION OF ELIGIBLE LIST—RULE—CHARTER.—An order of the Civil Service Commission of the city and county of San Francisco contained in a notice of examination stating that the determination as to eligible persons resulting from the proposed examination and the entry thereof in the register of eligible persons should cease to be in force after three years from the date of the determination and adoption of the eligible list, was, in substance and effect, a rule under article XIII of the charter of such city and county giving the commission the power to make rules.

[3] ID.—RULES OF CIVIL SERVICE COMMISSION — TIME OF TAKING EFFECT.—The requirement of article XIII of the charter of the city and county of San Francisco that the rules of the Civil Service Commission shall be printed does not prevent them from taking effect before printing.

[4] PUBLIC OFFICERS—SOLUTION OF PROBLEMS—DISCRETION—COURTS.—Administrative boards and officers should be permitted to work out their problems with as little judicial interference as possible, since they are vested with a high discretion and its abuse must clearly appear before the courts will interfere.

[5] MUNICIPAL CORPORATIONS — STRIKING OF NAMES FROM LIST OF ELIGIBLES—POWER OF COMMISSION—CHARTER.—Under section 10 of article XIII of the charter of the city and county of San Francisco, authorizing the Civil Service Commission to strike off the names of candidates from the register of eligibles after they have remained thereon more than two years, the commission, at the end of two years after each list has been prepared, may, upon no other consideration than that it has been in force for two years, pass a resolution expunging it.

[6] ID.—LIMITATION OF MAXIMUM PERIOD OF ELIGIBLE LIST—EXPUNCTION OF NAMES AUTOMATICALLY—VALID ORDER.—An order of the Civil Service Commission of the city and county of San Francisco contained in a notice of examination published as provided by article XIII of the charter declaring that the eligible list secured as a result of the examination should expire at the close of three years from the date of the adoption of the list and that the names thereon should then be automatically removed therefrom, is within the power of the commission under the charter, and no formal resolution of expunction of names on the part of the commission after the expiration of the two-year period provided by the charter is essential.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Daniel C. Deasy, Judge. Reversed.

The facts are stated in the opinion of the court.

George Lull, City Attorney, and Chas. S. Peery, Assistant City Attorney, for Appellants.

William A. Kelly for Respondent.

THE COURT.—[1] The order of the Civil Service Commission under review in this case, contained in the notice of examination, stated that the determination as to eligible persons resulting from the proposed examination and the entry thereof in the register of eligible persons should cease to be in force after three years from the date of the determination and adoption of the eligible list. This order was not unreasonable. It is to be assumed that the commission was of the opinion that after the lapse of three years the examination would not be a reliable test of the continued fitness of the persons on the register. It must be obvious that in the majority of the instances this might be true.

CLXXXV Cal.—18

[2] The commission has power to make rules, and the order was, in substance and effect, nothing less than a rule. [3] The requirement that the rules shall be printed does not prevent them from taking effect before printing. [4] With respect to the general policy of the courts toward such commissions, it was said in *Maxwell* v. *Civil Serv. Com.*, 169 Cal. 339, [146 Pac. 871]: "Courts should let administrative boards and officers work out their problems with as little judicial interference as possible. They may decide a particular question wrong—but it is their question. Such boards are vested with a high discretion and its abuse must appear very clearly before the courts will interfere." (See, also, *Pratt* v. *Rosenthal*, 181 Cal. 158, [183 Pac. 544].)

We adopt as the opinion of this court the following portions of the opinion of Mr. Justice Brittain, filed as a dissenting opinion in the district court of appeal upon the hearing of the cause in that court. It follows that the judgment should be reversed. The portions of the opinion are as follows:

"The defendants, members of the Civil Service Commission of the city and county of San Francisco, appeal from a judgment against them, entered on their refusal to amend their answer, after demurrer sustained, in an action for *mandamus* to require them to certify the name of the respondent as eligible for promotion from corporal to sergeant in the police department of the municipality.

"The case depends upon a single matter of law regarding the power of the Civil Service Commission prior to examination to limit the maximum period during which the eligible list procured by an examination shall remain effective. In the particular case the notice of examination contained the following: 'The eligible list secured as a result of this examination shall expire at the close of three years from the date of the adoption of the list, and the names thereon shall then be automatically removed therefrom.' The notice of examination was signed by the civil service commissioners in their official capacity, and was attested by the chief examiner. The plaintiff took his examination when it was held in accordance with the notice and his name was entered on the list adopted in pursuance of the notice. The list was adopted on May 22, 1916. More than three years thereafter the board of police commissioners requested the

Civil Service Commission to certify the name of the person standing highest upon the register of eligibles for appointment as sergeant. The only question is the legal effect of the notice of limitation of the maximum period of the life of the list.

"Article XIII of the charter deals with the civil service. The only provisions bearing on the present subject are the following: 'The commissioners shall make rules to carry out the purposes of this article, and for examinations, appointments, promotions and removals and in accordance with its provisions may from time to time make changes in the existing rules. All rules and all changes therein shall be forthwith printed for distribution by the commissioners.' (Sec. 3.) 'The commissioners may from time to time provide by rule for the manner in which . . . positions shall be filled, . . . and no appointment to any such place shall be made except in accordance with the provisions of this article and the rules adopted thereunder by the civil service commission,' (Sec. 2.) 'The commissioners shall control all examinations . . . ' (Sec. 5.) 'Notice of the time, place and general scope of every examination shall be given by the commissioners by publication for two weeks preceding such examination in the official newspaper, and such notice shall also be posted by the commissioners in a conspicuous place in their office for two weeks before such examination. Such further notice of examination shall be given as they may prescribe.' (Sec. 6.) 'From the returns of the examiners . . . the commissioners shall prepare a register . . . of the persons whose general average standing . . . is not less than the minimum fixed by the rules of the commissioners, and who are otherwise eligible. Such persons shall take rank upon the register as candidates in the order of their relative excellence, as determined by examination without reference to priority of time of examination.' (Sec. 7.) 'The commissioners may strike off names of candidates from the register after they have remained thereon more than two years.' (Sec. 10.) It is made obligatory on the commissioners not to certify and to strike from the register the name of anyone not of good moral character or who had secured a place on the list by fraud or in violation of the rules of the commission. (Sec. 9.)

"These provisions have not been construed by the courts in relation to the exact question now under consideration. Both parties cite and rely upon a dictum in the only decision referred to in the briefs. (*Cook* v. *Civil Serv. Com.*, 160 Cal. 598, 600, [117 Pac. 662].) In that case the supreme court denied a motion to dismiss an appeal. The motion was made upon the ground that pending appeal the commission had itself annulled and set aside an examination the validity of which was attacked in the court proceeding. The action of the commission apparently was within the two years minimum fixed by the charter during which certified lists must remain in force. After referring to the provision permitting names to be stricken from the list after two years, the learned justice who wrote the opinion said: 'True, the superior court had declared the examination void and had ordered the list annulled, but an appeal having been taken from that judgment it was of no binding, mandatory effect until made final by the action of a court of competent appellate jurisdiction. If the commission could have set aside the eligible list while the matter of the validity of the examination was *sub judice*, it could have done the same thing in absence of any proceeding, and without any order of court. The very purpose of holding examinations by the Civil Service Commission was to create a permanent eligible list not subject to expunction upon the caprice of any board or officer of the municipal government. There was no grant of power directly given by the charter, or necessarily implied from the prerogatives conferred, which enabled the commission properly to set aside its own action after it had declared a list of eligibles, except in the single instance cited above.'

"It is conceded by the respondent that in the present matter the appellant by adopting a formal resolution at any time after the expiration of two years after the list was made up might have stricken his name or all the names from the list, under the admitted power granted by section 10, article XIII, of the charter. In other words, the very evil pointed out in the Cook case might have been brought about lawfully under the charter. If the commission had learned that the respondent or any other person on the list was about to receive promotion, as a mere matter of caprice, after the expiration of two years, the name or the list might

have been expunged, and the beneficent purpose of the civil service provisions of the charter set at naught. This was not done. There is no suggestion that the commission has not acted with entire good faith and fairness to all who took particular examination, upon public notice given before the examination that the list secured should continue in force but three years.

[5] "It is argued that the power vested in the commissioners to expunge the names after they have remained on the list for two years contemplates the exercise of an intelligent and *quasi*-judicial discretion upon the facts appearing when the order of expunction is made. This argument disregards the fact that the commission, at the end of two years after each list has been prepared, may, upon no other consideration than that it has been in force for two years, pass a resolution expunging it. The law does not require idle acts, and, since the commission might by repeatedly passing, *mutatis mutandis,* the same resolution at the expiration of two or three years after successive lists were made, under its power to make rules it might have adopted a general rule that successive lists should expire at the ends of such periods. The determination of facts and the propriety of action of administrative boards is not a judicial function. (*Quinchard* v. *Board of Trustees,* 113 Cal. 664, [45 Pac. 856]; *People* v. *Supervisors,* 122 Cal. 421, [55 Pac. 131].)

[6] The same requirements and limitations do not apply to all classes of the civil service, nor to original appointments and promotions. The notice of examination for promotion from corporal to sergeant in this case required the applicants, among other things, to satisfy the examiners of their general knowledge of the duties to be performed, for which fifty per cent of the total rating was credited. Under the head of general knowledge the applicants were examined upon their acquaintance with police duties, including the contents of the police manual, the transportation ordinances, and military tactics. These were matters subject to change and the condition warranted a rule different from that applying to the appointment of clerks or laborers. Such a rule was made. The charter requires that rules shall be printed for distribution. It is presumed that the commissioners performed the duty of printing, and it is certain

that the particular rule was published. Under the charter the notice of examination was given by publication for two weeks in the official newspaper and posted in the office of the commission. The respondent took the examination and must, therefore, have been fully advised of the manner in which the appointments would be filled under the rule. There is but one limitation in the charter, namely, that the list shall remain in force for two years. The contention that by the rule the commission sought to bind itself or its successors to keep the list operative for three years disregards both the law and the wording of the rule. Under the law the commission could not either diminish or extend the two years' limit during which the charter provided the list should remain in force, but it could, and in plain and unmistakable language it did, provide that in no event should it remain in force for more than three years. The commission still retained its charter power to expunge the list at any time after the expiration of the two years limited by the charter. The suggestion that some action was necessary after the expiration of the two years' period is met by the action in striking out the names after that time. It is immaterial that they were not actually stricken out with red ink; they were automatically expunged. Neither is it material when the rule, or order, or resolution ordering the names expunged was adopted. The power granted by the charter was to strike off the names, regardless of when the determination to strike out was made.''

The judgment is reversed.

Shaw, J., Olney, J., Wilbur, J., Lawlor, J., and Angellotti, C. J., concurred.