[S. F. No. 11954. In Bank.—July 30, 1926.]

NICHOLAS D. ERNSER et al., Petitioners, v. EARLE A. WALCOTT et al., as Members of and Constituting the Civil Service Commission, etc., Respondents.

[1] MUNICIPAL CORPORATIONS—SAN FRANCISCO—CIVIL SERVICE—PREFERENCE OF VETERANS — PERIOD OF ELIGIBILITY — CONSTRUCTION OF CHARTER AMENDMENT.—It was the intention of the framers of the amendment of article XIII of the San Francisco charter, known as section 22, directing the Civil Service Commission to establish a preference in favor of veterans on the eligible lists in the police and fire departments and providing that such preference "shall expire five years after the ratification of this amendment," to provide that for a period of five years veterans who became eligible by examination for appointment were entitled to be placed on a preferred list ahead of all nonveterans, and that such veterans should be certified as required by the demands of the department, within the effective period of such list, not exceeding the two-year period within which the Civil Service Commission cannot remove the name of a candidate, even though such period might extend beyond the five-year period after the ratification of the amendment.

---

(1) 28 Cyc., p. 544, n. 8.

PROCEEDING in Mandamus to compel the Civil Service Commission of the City and County of San Francisco to certify the names of petitioners on the firemen's list of eligible persons ahead of nonveterans. Peremptory writ granted.

The facts are stated in the opinion of the court.

---

1. See 18 Cal. Jur. 963.

Grover O'Connor for Petitioners.

John J. O'Toole, City Attorney, for Respondents.

Leo A. Cunningham, as *Amicus Curiae,* in support of Respondents.

WASTE, C. J.—This application for a writ of mandate involves the question whether or not "veterans" (as defined in section 22 of article XIII of the charter of the city and county of San Francisco), whose names appear on the "current firemen's list" of persons eligible for appointment to positions in the fire department, shall be certified by the respondent Civil Service Commission ahead of nonveterans on the same list.

Appointments to positions in the fire department are subject to the provisions of article XIII of the charter. At the general election held on the second of November, 1920, the people of San Franciso added a new provision to article XIII, known as section 22. After defining the term "veteran" to mean "any person who has served in the Army, the Navy or the Marine Corps of the United States in time of war, or in any expedition of the armed forces of the United States, and received an honorable discharge or certificate of honorable active service," the section provides that the Civil Service Commission "shall by rule establish preference for veterans as follows: In the case of entrance examinations to establish eligible lists in the Police and Fire Departments, veterans who become eligible for appointment by attaining the passing mark established for the examination, and whose service as veterans exceeds three months, shall be classified on such eligible lists in the relative order of the individual ratings attained, and ahead of all nonveterans passing such examinations, and shall be eligible for appointment on the basis of such order of standing on such eligible lists. This preference shall expire five years after the ratification of this amendment." (Stats. 1921, p. 1797.) This amendment became effective by approval of the legislature on the twenty-first day of January, 1921.

For the purpose of complying with the charter amendment, the Civil Service Commission in February, 1924, adopted a rule (rule 40, sec. 8) providing for preference

for veterans attaining the passing mark in entrance exam-
inations for firemen and policemen, which follows substan-
tially the language of section 22 of article XIII of the
charter, and providing the preference should expire at the
close of January 13, 1926.  Thereafter the commission held
an examination for the position classified as fireman, and
rated the standing of the persons participating.  On the
ninth day of December, 1924, it prepared a list of eligibles
made up of all those who had participated in the examina-
tion, and whose average standing was not less than the mini-
mum percentage fixed by the commission as the passing
mark.  It adopted a list of five hundred and ninety-three
firemen "arranged in the order of excellence of general
average percentage as determined by the examination" re-
gardless of whether the successful candidate was or was not
a veteran.  Numbers one, two and three on the list were
nonveterans.  Numbers four and five were veterans.  Num-
ber six was a nonveteran.  The arrangement continued in
that manner through the entire list of five hundred and
ninety-three successful candidates, each veteran being desig-
nated by a "V" before his number on the list.  While this
arrangement did not amount to a classification of veterans
"ahead of all nonveterans passing such examination," it
was provided in the resolution adopting the list that "war
veterans [should] be preferred over all nonveterans for
certification, such preference to be given to the veterans in
the order of their standing upon [the] list."

From and after the date of the adoption of such eligible
list, and to and until the twenty-first day of January, 1926,
the commission, in response to requisitions made for the
names of persons to fill the position of fireman, certified
only the names of the veterans on the list and in the order
of their standing, save and except where any of the vet-
erans waived or refused to accept appointment, in which
event the commission certified the veteran standing next
highest on the list.  All the veterans on the eligible list of
firemen, whose ratings have been higher than the individual
ratings attained by the four petitioners here, have either been
certified to fill positions in the fire department or have
waived or refused appointment to such positions; and the
four petitioners are now the four highest veterans on the
eligible list.

The fire department has now made four requisitions to the commission, which takes the position that the preference given to veterans on the eligible list, entitling them to appointment before nonveterans, expired on the twenty-first day of January last, and that it is now compelled by other provisions of the charter of the city and county of San Francisco, and by its own rules, to certify, in response to the requisitions, the highest eligibles on the current list, irrespective of whether such eligibles are veterans or nonveterans. Petitioners have therefore brought this action to compel the respondents to certify them, the four highest veterans on the eligible list, to the fire department for investigation and appointment.

[1] The respondent commission takes the position that section 22 of article XIII of the charter merely granted a preference to veterans by way of a right to be classified as eligible for appointment ahead of nonveterans during a period of five years, which period having expired, the commission contends the veterans are no longer entitled to such preference. The petitioners admit that section 22 does not require or permit the Civil Service Commission to give any preference to veterans in examinations given after the expiration of five years, but contend that the commission having established an eligible list during the five-year period such list remains in full force for two years after its adoption, and that during such two-year period the commission must continue to certify eligibles in the order of their standing as determined when the list was adopted. Having been classified ahead of nonveterans when the list was made up, petitioners insist that they still occupy that favorable position and that they and other veterans will continue to be entitled to certification, in answer to requisitions from the fire department during the full period of two years from the date of the present current firemen's list, some time in December, 1924.

Considerable argument has been advanced by opposing counsel as to the correct grammatical construction to be given to the words and phrasing of section 22 of article XIII of the charter, and our attention has been directed to various rules of construction and procedure adopted by the respondent commission. We have read the section giving the "preference" to veterans in the light of its relation to other sec-

tions of article XIII, which are as they were when section 22 was adopted. From the situation thus presented, regarded in the light of the reasons behind the adoption of the section, we are inclined to the view that it was the intention of the framers of the amendment to the charter to provide that for a period of five years, veterans, who became eligible by examination for appointment in the fire department, were entitled to be placed on a preferred list ahead of all nonveterans, to be certified as required by the demands of the department, within the effective period of such list, not exceeding the two-year period within which the Civil Service Commission cannot remove the name of a candidate. (See *Mann* v. *Tracy,* 185 Cal. 272, 278 [196 Pac. 484].)

Our attention has been called to rule 40, section 8 of the Civil Service Commission's rules, adopted February 19, 1924, which provides: "Veterans, with over three months' service, who attained the passing mark in entrance examinations for firemen and policemen, shall take rank on eligible lists in the order of their individual rating, and ahead of all non-veterans passing such examinations. This preference shall expire at the close of January 13th, 1926." But we find nothing in the rule providing that appointments shall not be made after the five-year period, from the eligibles on the list created before that period expired. Petitioners have cited *Cook* v. *Civil Service Commission,* 160 Cal. 589, 600 [117 Pac. 662], in which it was held, citing section 10 of article XIII of the charter, that the commission cannot properly set aside its action after it has declared a list of eligibles, except that it may strike off the names of candidates after they have remained thereon more than two years. Respondents and *amicus curiae* argue that the case is not in point, for the reason that the commission is not in any way changing or altering its eligible list, but is merely acting in accord with a charter provision which has terminated a preference previously held by the veterans over non-veterans.

If all right to preference, both in the matter of being placed at the head of the eligible list, and of being considered for certification for appointment ahead of nonveterans, ceased at the end of five years, we see no good reason why the commission should not, at the end of that time, disregard the preferential rating of veterans and thereafter

certify veterans and nonveterans as it is now attempting to do. We are of the opinion, however, that when the preference created by section 22 in favor of veterans attached by reason of examination, rating and listing ahead of nonveterans, during the five-year period, it carried with it the further right of certification, for appointment on requisition, for the full period during which the eligible list of the commission remains in force.

Let a peremptory writ of mandate issue, directing the respondents, as members of and constituting the Civil Service Commission of the city and county of San Francisco, to certify to the board of fire commissioners of the city and county of San Francisco, in response to the requisitions referred to in the petition herein, the names of these petitioners, respectively, according to the individual ratings attained by them on examination.

Richards, J., Seawell, J., Curtis, J., Shenk, J., and Lennon, J., concurred.