[S. F. No. 15277. In Bank.—September 20, 1935.]

CHARLES E. JENSEN et al., Appellants, v. CIVIL SER-
VICE COMMISSION OF THE CITY AND COUNTY
OF SAN FRANCISCO et al., Respondents.

Vincent W. Hallinan and William F. Herron for Appel-
lants.

John J. O'Toole, City Attorney, and Thomas P. Slevin, Deputy City Attorney, for Respondents.

Raymond D. Williamson, William E. Barden and Arthur J. Healy, as *Amici Curiae* on Behalf of Respondents.

LANGDON, J.—This is an action to enjoin respondents from canceling a register of names of persons eligible for civil service positions as policemen in the city and county of San Francisco.

In 1928, the Civil Service Commission conducted examinations, and a number of successful persons, including plaintiffs, were on September 25, 1928, placed in a list of eligibles. On January 8, 1932, a new charter went into effect in San Francisco. Under both the old and new charters, the commissioners were given power to strike the names of candidates from the register after they had remained thereon more than two years; and the new charter further provided that all names "shall be removed at the expiration of four years". After the adoption of the new charter the commissioners indicated an intention to remove names from the list, and one Veston D. Williamson sued to enjoin this action. From a judgment in his favor, rendered on March 7, 1933, the commission appealed, but while the same was pending Williamson was appointed to the position he sought, and the appeal was, pursuant to stipulation, dismissed. By virtue of a further stipulation, the trial court set aside its judgment granting an injunction, and the action was dismissed with prejudice.

On May 2, 1934, the commission struck off the names of persons on the 1928 list, and prepared a new list of eligibles based upon a subsequent examination, from which various appointments were made. Thereupon plaintiffs brought this action. The trial court denied relief, and plaintiffs appealed.

■ The chief point urged by plaintiffs is that the judgment granting an injunction in the Williamson case was final, and could not be set aside by the lower court, its order to that effect being void; and that this judgment is *res judicata* and determinative of the instant case because Williamson brought his action in a representative capacity, on behalf of all of the plaintiffs herein. The only showing made is an offer of proof that some of plaintiffs contributed money for Williamson's suit. There was no allegation in his action which in any way

indicated that it was, or could have been brought as a representative or class suit. Hence the judgment in that action, even if it were final (which, in view of the stipulation on which the dismissal was entered, it clearly was not), could only affect the parties.to it. (See 21 C. J. 287, sec. 287.)

On the merits plaintiffs contend that to strike off their names will give the new charter a retroactive interpretation. We are unable to follow the argument. The power of the commission to strike off names after two years was identical under both charters; and, moreover, the names of plaintiffs were on the list for more than two years after the effective date of the new charter before being removed.

There is, of course, nothing objectionable in such a power of removal vested in the commission. (See *Mann* v. *Tracy*, 185 Cal. 272 [196 Pac. 484].)

The judgment is affirmed.

Shenk, J., Thompson, J., Waste, C. J., and Seawell, J., concurred.