[Civ. No. 47831. Second Dist., Div. Four. July 14, 1976.]

ADAH T. LAYTON, Plaintiff and Appellant, v.
MERIT SYSTEM COMMISSION OF THE CITY OF POMONA,
Defendant and Respondent.

60

## Counsel

LeMaire, Faunce & Katznelson, Edward L. Faunce and Eric L. Jones for Plaintiff and Appellant.

Patrick J. Sampson, City Attorney, and William E. Dennis, Deputy City Attorney, for Defendant and Respondent.

## Opinion

**JEFFERSON (Bernard), J.**—Petitioner Adah T. Layton sought mandate in the trial court (pursuant to Code Civ. Proc., § 1094.5) to compel respondent, Merit System Commission of the City of Pomona, California, to set aside its determination upholding the two-day suspension of

petitioner; she also sought reimbursement of salary withheld during the same time period. Respondent both demurred to the petition and filed an answer. After a hearing on the demurrer (which hearing is unreported to us), the trial court found for the respondent Merit System Commission, and dismissed petitioner's action pursuant to Code of Civil Procedure section 581, subdivision 3. Petitioner has appealed.

Petitioner is a librarian, and a permanent employee of the City of Pomona. On January 3, 1975, she received a letter from her department head, Mr. Simon, informing her that she was being suspended for two days; it was charged in the letter that on three separate occasions she had been rude to library patrons and had misinterpreted library regulations to them.

Petitioner initiated the administrative grievance procedure set forth in the administration section of the Pomona City Code. Section 2-40.1 of that enactment describes the applicable procedure for dealing with employee grievances, including complaints, suspensions and demotions. Subsection (B)(3) of section 2-40.1 provides, in pertinent part: "A grievance involving suspension, demotion or a determination whether a resignation was coerced, is specifically excluded from Section F in Steps 1, 2, 3 and 4 and shall be filed within five businss days (four working shifts in Fire Department) to the city administrator as in Section F, Step 5. *In grievances relating to suspensions and demotions, the burden of proof shall be on the appointing authority. . . .*" (Italics added.)

A subsequent subsection of 2-40.1, to wit, subsection F, deals with the specific procedure relating to grievances, outlining six progressive steps for resolving these disputes. Steps 1 and 2 provide for conferences with the employee's immediate supervisor; Steps 3 and 4 require submission of unresolved grievances to higher management, including the department head.

Step 5 provides, in relevant part, that "[i]f the grievance is not settled under STEP 4, it may be appealed to the city administrator within ten business days from the time the department head renders a decision . . . . The city administrator may make his decision solely on the basis of a review of the record; or may meet with the employee and/or his representative and the department head before making a decision; or may waive the administrative review and refer the grievance directly to the merit system commission for hearing. . . ."

Step 6 concerns the hearing by the Merit System Commission and provides, in pertinent part, that "[t]he hearing shall be informal. The employee and/or his representative and the department head shall appear before the commission to present facts pertinent to the case. *The burden of proof shall rest with the employee....*" (Italics added.)

It appears that in the instant case, petitioner, in accordance with Step 5, met with the city administrator. Which of the procedures outlined in Step 5 were employed by the city administrator in determining that the suspension should be upheld is not known to us. However, respondent makes no contention that the city administrator conducted an evidentiary hearing. It is to be noted that the procedures set forth in Step 5 do not specifically require the city administrator to hold an evidentiary hearing on a dispute; he may send the matter for such a hearing to the commission. Petitioner appealed the administrator's decision to respondent commission, which scheduled a hearing for April 2, 1975.

Petitioner appeared with her attorney on this date. A discussion was held as to which party should present evidence first. The city, through the city attorney, took the position that, as set forth in Step 6, the burden of proof was on petitioner. Petitioner and her counsel maintained that the burden of proof and to go forward with the evidence was on the city, as provided in subsection (B)(3) of section 2-40.1 of the Pomona City Code, and indicated that they would respond to the charges against petitioner after the city had presented its case. Petitioner presented no evidence. The city attorney then introduced into evidence before the commission, as "Exhibit A," a copy of the January 3, 1975, letter from petitioner's department head to petitioner, notifying her of the charges that had been made against her, and of her suspension. The city then rested its case, reserving the right to present additional evidence if petitioner or her counsel proceeded to introduce evidence.

In its written decision upholding petitioner's suspension, the commission stated: "Based on the fact that the appellant [petitioner] has the burden of proof to present evidence and failed to answer to the complaining letter and suspension submitted by the City, the Merit Commission finds in favor of the City and against the employee."

Petitioner's first contention on appeal is that the code provision placing the burden of proof upon her in a grievance proceeding is unconstitutional, a violation of petitioner's procedural due process rights as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and by the California Constitution as well.

Respondent takes the position that suspension of a public employee does not involve a constitutional due process issue. Reliance in this regard is placed on *Bishop* v. *Wood* (1976) 426 U.S. 341 [48 L.Ed.2d 684, 96 S.Ct. 2094] and *Patton* v. *Board of Harbor Commissioners* (1970) 13 Cal.App.3d 536 [91 Cal.Rptr. 832]. In the *Bishop* case, the United States Supreme Court held that if an ordinance conditions an employee's removal on compliance with certain specified procedures, whether such procedures require a hearing or not, and these procedures are not violated, an employee's discharge does not deprive him of any property interest protected by the Fourteenth Amendment to the United States Constitution. In the *Patton* case, it was held that a Los Angeles City Charter provision allowing suspension of an employee for a maximum of five days without a hearing was not subject to constitutional attack.

Respondent takes the position that *Bishop* and *Patton* stand for the principle that a public employee may be terminated or suspended *without* a hearing because such an employee has no property right in continued employment that is subject to protection under the due process clause of the Fourteenth Amendment. But this is not the teaching of *Bishop* or *Patton*. All that *Bishop* and *Patton* tell us is that, if a statute or ordinance does *not* provide for a *hearing* prior to a discharge or suspension of an employee, there is no denial of due process rights to the discharged or suspended employee. But neither *Bishop* nor *Patton* holds that, if a statute or ordinance provides for a hearing before discharge or suspension, the governmental employer is free to refuse or fail to comply with the hearing requirement of the statute or ordinance without violating any constitutional due process rights of the employee. ■ The clear implication to be gained from *Bishop* and *Patton* is that an employee is entitled to compliance by the governmental employer with the procedures specified in the statute or ordinance in order for the discharge or suspension to be valid, even assuming that the state law does not create a property interest in employment. (See *Healdsburg Police Officers Assn.* v. *City of Healdsburg* (1976) 57 Cal.App.3d 444, 452 [129 Cal.Rptr. 216].)

We turn to an analysis of the provisions of the Pomona City Code to determine the nature and scope of presuspension procedures provided to a city employee before the discipline of suspension may be invoked by the employer. We are called upon to consider both the meaning of these provisions and whether they were followed in the instant case. In construing two seemingly inconsistent provisions of the Pomona City Code concerning the burden of proof, we are mindful of certain relevant

principles of statutory construction. ■ Generally, there is a long-established judicial policy of upholding the validity of a particular enactment if it is possible to do so by making a reasonable and fair interpretation of the enactment. (*County of Madera* v. *Gendron* (1963) 59 Cal.2d 798,. 801 [31 Cal.Rptr. 302, 382 P.2d 342, 6 A.L.R.3d 555]; *Erlich* v. *Municipal Court* (1961) 55 Cal.2d 553, 558 [11 Cal.Rptr. 758, 360 P.2d 334].) ■ . Another cardinal principle of statutory construction is that "the various. parts of a statutory enactment must be harmonized by considering the particular clause or section in the context of the statutory framework as a whole." (*Moyer* v. *Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230 [110 Cal.Rptr. 144, 514 P.2d 1224].)

Looking at the grievance procedure in its entirety, as outlined in section 2-40.1 of the Pomona City Code, it appears to be a comprehensive enactment intended to govern the whole range of employment disputes—from minor matters to those involving serious discipline—which may erupt between the city and its employees. Every effort is made therein to provide for settlement of disputes at the most immediate level possible, on an informal basis, prior to the submission of the dispute to the city administrator. The final procedure involves a hearing before respondent commission.

On this appeal, respondent argues that the Step 6 hearing before the commission is an *appellate* procedure, following the actions set forth in the previous steps, and, as such, requires the "appellant" employee to carry the burden of proof; that imposing the burden of proof on the employee in this situation is as acceptable as it is in appellate proceedings generally. Looked at in this context, the specific provision concerning the burden of proof at Step 6 is neither unreasonable nor unconstitutional.

The problem presented in the regulatory scheme, however, is that of determining whether at any of the grievance steps previous to Step 6, an employee is entitled to an evidentiary hearing where the city carries the burden of proof alluded to in subsection (B)(3) of section 2-40.1 of the code. This burden of proof is upon the city, because it is the city that makes the charges against an employee. "It is axiomatic that, in disciplinary administrative proceedings, the burden of proving the charges rests upon the party making the charges." (*Martin* v. *State Personnel Bd.* (1972). 26 Cal.App.3d 573, 582 [103 Cal.Rptr. 306].) But with respect to *suspensions* and demotions, subsection (B)(3) of section 2-40.1 of the Pomona City Code is precise in providing that "[i]n

grievances relating to suspensions and demotions, the *burden of proof shall be on the appointing authority . . . .*" (Italics added.)

Step 5 of the grievance procedure—which is at the city adminstrator level—is the *beginning* step, however, for suspensions and demotions, while it is the *fifth* step for other, less serious grievance matters. This accounts for the fact that Step 5 of the grievance procedure enumerates alternative courses of action which the city administrator may choose, including sending the matter directly to the commission for hearing.

Since Step 5 is the beginning grievance procedure for a suspension or demotion, we interpret the Pomona City Code provision that, "[i]n grievances relating to suspensions and demotions, the burden of proof shall be on the appointing authority," to mean that this burden of proof is applicable to a suspension or demotion grievance coming before the city administrator.

We turn next to the question of the meaning of "burden of proof" as used in section 2-40.1, subsection (B)(3), of the Pomona City Code. Evidence Code section 115 defines the term "burden of proof" to mean "the obligation of a party to establish *by evidence* a requisite degree of belief concerning a fact in the mind of the trier of fact or the court." (Italics added.) There is nothing in the Pomona City Code that would indicate an intention by the enacting authority that the term, "burden of proof," was intended to be given a meaning different from that found in section 115 of the Evidence Code.

In the Step 5 grievance procedure, the city administrator is the trier of fact to determine the dispute between the employee and his supervisor or department head. The Step 5 procedure enumerates various alternative courses of action which the city administrator may choose in reaching his decision. These include: (1) making a decision solely on the basis of a review of the record; (2) meeting with the employee, his representative, or both, and the department head; or (3) referring the grievance directly to the Merit System Commission for hearing and a decision.

It is obvious that these various alternative methods at the city administrator level are provided because, for many grievances, Step 5 has been proceded by the procedures set forth in Steps 1 through 4. It is only in connection with an employee suspension or demotion grievance that the Step 5 procedure is a beginning procedure.

In the case of an employee suspension or demotion matter, we hold that only two alternatives are available to the city administrator. He may conduct a hearing in which the appointing authority has the burden of proof to justify the employee's suspension or demotion, or he may refer the matter to the commission for hearing and decision. Since the obligation of a party to sustain the burden of proof requires the production of *evidence* for this purpose, it follows that the city administrator must base a decision in an employee suspension or demotion matter upon an *evidentiary hearing* and upon no other type of hearing. We note that we are not called upon in this case at bench to interpret Step 5 procedures, set forth in the Pomona City Code, section 2-40.1, subsection (B)(3), insofar as they relate to grievances other than those involving an employee's suspension.

The record in the instant case shows clearly that petitioner did not receive a hearing before the city administrator at which evidence was adduced and at which the burden of proof was assigned to the appointing authority. Petitioner's suspension, therefore, cannot be sustained on the ground that the statutory or ordinance grievance provisions were followed with respect to a hearing before the city administrator.

■ If an evidentiary hearing in an employee suspension or demotion matter is not held before the city administrator, what kind of hearing does the Pomona City Code provide in the Step 6 grievance procedure before the Merit System Commission? Although the Step 6 provisions state that "[t]he burden of proof shall rest with the employee," we interpret this provision of the Pomona City Code to have application only when the commission hearing is being conducted as an appellate proceeding, which has been preceded by an evidentiary hearing before the city administrator which furnishes an evidentiary record to review. Then, and only then, does the employee bear the burden of proof.

If, as we must conclude in the instant case, the commission is conducting the first evidentiary inquiry into the facts of the grievance, the city, not the employee, bears the burden of proving the truth of the charges made. We interpret the Step 5 and Step 6 provisions of the Pomona City Code to mean that, if the city administrator, instead of conducting an evidentiary hearing himself, refers an employee suspension or demotion grievance to the commission for hearing, the commission then acts under the Step 5 procedures—and not under the procedures of Step 6—and must conduct an evidentiary hearing with the appointing authority having the burden of proof. By this construction of

the grievance procedure provisions we reach the result of harmonizing the two different burden-of-proof allocations rather than finding that they are in conflict with each other.

 Under the facts presented herein, petitioner was entitled to rely on the burden-of-proof standard of section 2-40.1, subsection (B)(3), governing Step 5 grievance procedures, and, for that reason, the decision of the trial court in denying mandate must be reversed, because the record does not reflect any evidentiary hearing before the city administrator, at which the city, as the appointing authority, was required to sustain the burden of proof as to the truth of the charges made against petitioner.

 Petitioner's contention with respect to the quality of evidence which is admissible at an administrative hearing is also meritorious. Petitioner asserts that the letter from her supervisor setting forth the charges against her was pure hearsay and, as such, did not provide substantial evidence of the truth of the charges or adequate support for the resulting administrative decision made by the commission. That decision, therefore, according to petitioner, constituted a prejudicial abuse of discretion, *i.e.,* not proceeding in the manner required by law. (Code Civ. Proc., § 1094.5.)

The issue with respect to the admissibility of, and the weight to be given to, hearsay evidence in administrative hearings has been raised in numerous American jurisdictions, and the decisions are in conflict. (See 36 A.L.R.3d 43-47, § 6.) In California, recent case law has concerned the proper interpretation of Government Code section 11513, subdivision (c), which provides for the admissibility of hearsay evidence in state administrative hearings. But section 11513, subdivision (c), also provides that "[h]earsay evidence may be used for the purpose of supplementing or explaining other evidence but shall not be sufficient in itself to support a finding unless it would be admissible over objections in civil actions."

In *Martin,* the court held that hearsay evidence, while admissible pursuant to Government Code section 11513, subdivision (c), was not, by itself, "substantial evidence," which could support an administrative determination, even though no objection was raised to its admissibility. (*Martin, supra,* 26 Cal.App.3d 573; cf. *Kirby* v. *Alcoholic Bev. etc. Appeals Bd.* (1970) 8 Cal.App.3d 1009 [87 Cal.Rptr. 908].)

In the instant case, the Pomona City Code apparently does not contain provisions relating to the types of evidence that are admissible in an

administrative hearing. Petitioner relies upon an early Supreme Court case, *Walker* v. *City of San Gabriel* (1942) 20 Cal.2d 879 [129 P.2d 349, 142 A.L.R. 1383], which held that hearsay evidence alone was not substantial evidence which could support the determination by the San Gabriel City Council to revoke a license to conduct an automobile wrecking business, when the "evidence" consisted of charges made against the license-holder in the form of a letter from the chief of police which was read to the city council. The *Walker* court stated: "There must be substantial evidence to support such a board's ruling, and hearsay, unless specially permitted by statute, is not competent evidence to that end." (*Walker, supra,* 20 Cal.2d 879, at p. 881.)

*Walker* appears still to be good law. It is cited in *Borror* v. *Department of Investment* (1971) 15 Cal.App.3d 531, 545 [92 Cal.Rptr. 525], as authority for the rule "that where the agency bases its decision solely on incompetent hearsay that its order cannot stand."

In the instant case, the charges against petitioner were set forth in a letter to her by her department head, Mr. Simon. The information upon which the charges were based was not within Mr. Simon's personal knowledge, but had been relayed to him by others. The letter was hearsay twice removed. A statement of charges is not evidence. We conclude that the city, by introducing the letter at the commission hearing, was not introducing "substantial evidence" in support of the charges made against petitioner, and that the commission acted improperly in determining on this basis that petitioner's suspension should be upheld.

The judgment (order of dismissal) is reversed. Since the answer to the petition raises no issue of fact, the trial court is instructed to grant the petitioner the relief prayed for in the petition.

Kingsley, Acting P. J., and Dunn, J., concurred.