[Civ. No. 60828. Second Dist., Div. Three. Dec. 3, 1981.]

CARL S., Plaintiff and Appellant, v.
COMMISSION FOR TEACHER PREPARATION AND
LICENSING, Defendant and Respondent.

366

COUNSEL

John Alan Cohan for Plaintiff and Appellant.

George Deukmejian, Attorney General, and John J. Crimmins, Deputy Attorney General, for Defendant and Respondent.

**OPINION**

**LUI, J.—**

### *Statement of the Case*

Appellant Carl S. held a general secondary teaching credential issued by the respondent Commission for Teacher Preparation and Licensing (Commission). The Commission is empowered under Education Code section 44421 to revoke or suspend the teaching credential of a person, inter alia, "for immoral or unprofessional conduct" or "for evident unfitness for service."

Pursuant to the Administrative Procedure Act, Government Code section 11500 et seq., an accusation against appellant was filed by the Commission on July 14, 1975, in which the Commission recommended revocation of appellant's credential. On July 7, 1976, an administrative hearing was held in Los Angeles to receive evidence on the issue whether grounds existed for suspension or revocation of appellant's credential. Appellant did not attend the hearing despite the fact that he was given notice pursuant to Government Code sections 11505 and 11509. No evidence was presented on appellant's behalf and he was not represented by counsel.

During the administrative hearing, the Commission had marked for identification a criminal complaint dated February 2, 1972, and a certified copy of judgment and sentence of the District Court of the City and County of Denver, Colorado (Colorado Court) against appellant, handwritten statements signed by Reginald D., Eddie V., and Shedrick D. all dated January 30, 1972, and a supplementary report of the Denver Police Department. These documents marked for identification were not admitted into evidence on July 7, 1976, because of lack of foundation. The hearing was continued for the purpose of allowing the Commission to obtain further documentary evidence to substantiate the foundation for the marked exhibits. A foundational document in the form of an affidavit from a Denver, Colorado police officer dated January 28, 1977, was subsequently filed by the Commission and the matter was submitted without further hearing. On March 16, 1977, the administrative law judge issued a proposed decision recommending that the Commission revoke appellant's credential.

On December 7, 1979, the Commission met in executive session for the purpose of considering the proposed decision. On this date, appellant appeared through counsel to argue against the adoption of the proposed decision. Appellant's counsel sought to introduce the following documents in evidence: (1) a minute order of the Colorado Court dated October 22, 1979, granting appellant's motion to withdraw his previous-' ly entered plea of no contest; (2) a minute order of the Colorado Court dated November 5, 1979, granting the district attorney's motion to dismiss the criminal complaint pending against appellant; (3) an order of the Colorado Court dated December 5, 1979, limiting access to the arrests and criminal records pertaining to the charges in question against appellant; (4) an order of the Colorado Court dated April 1, 1980, nunc pro tunc to March 21, 1980, sealing all arrests and criminal records of appellant pertaining to the incident; and (5) a deposition of Eddie V. dated June 20, 1978, in which Eddie V. purports to recant certain of the admissions he previously made to law enforcement officers with respect to the incident involving appellant.

The Commission refused to receive into evidence the items proffered by appellant's counsel and adopted the administrative law judge's proposed decision, with an effective date of January 7, 1980. The grounds for revoking appellant's credential were that appellant evinced his unfitness to teach in the schools of California because of acts of moral turpitude based on alleged homosexual activity with a minor. The Commission adopted the administrative law judge's determination of issues and revoked the general secondary teaching credential of appellant pursuant to the provisions of sections 13202 (repealed by Stats. 1976, ch. 1010, § 2, operative Apr. 30, 1977; now Ed. Code, §§ 44421 and 87331) and 13174 subdivisions (e) and (g) (repealed by Stats. 1970, ch. 557, § 3, p. 1100, operative Apr. 30, 1977, now Ed. Code, § 44345) of the Education Code.

On April 11, 1980, appellant filed a petition for writ of mandate in the Los Angeles Superior Court, requesting that the Commission be ordered to set aside its December 17, 1979, decision and further requesting that the Commission's order revoking all credentials, life diplomas or other certification documents be set aside. On June 6, 1980, the superior court, applying the independent judgment test to the evidence, consisting of the administrative record, denied appellant's petition. Appellant appeals from this denial of his petition for a writ of mandate seeking to set aside the Commission's order revoking his credentials, life

diplomas or other certification documents which respondent had heretofore issued him.

## *Discussion*

Appellant raises several issues on appeal. Since we have concluded that appellant's contention that there was insufficient evidence to support the trial court's judgment denying his petition for writ of mandate is meritorious, we need not address appellant's other contentions.

█ "It is well settled that a board commits an abuse of discretion when it revokes a license to conduct a legitimate business without competent evidence establishing just cause for revocation, and that hearsay evidence alone is insufficient to support the revocation of such a license. In *Consolidated Edison Co.* v. *National Labor Relations Board*, 305 U.S. 197 [59 S.Ct. 206, 83 L.Ed. 126], the Supreme Court of the United States observed at page 230 that the 'assurance of a desirable flexibility in administrative procedure does not go so far as to justify orders without a basis in evidence having rational probative force. Mere uncorroborated hearsay or rumor does not constitute substantial evidence.' There must be substantial evidence to support such a board's ruling, and hearsay, *unless specially permitted by statute, is not competent evidence to that end.* [Citations.]" (*Walker* v. *City of San Gabriel* (1942) 20 Cal.2d 879, 881 [129 P.2d 349, 142 A.L.R. 1383].) (Italics added.)

Appellant contends that the Commission's findings were without sufficient support because they were based solely upon multiple hearsay. We hold appellant's contention to be meritorious even though appellant failed to appear at the administrative hearing. Since appellant filed a notice of defense, his default could not be taken and the Commission was required to hold a hearing. (Gov. Code, § 11506, subd. (b).)[1] █ The Commission sought to revoke appellant's certificate and thus had the burden of presenting evidence establishing a prima facie case against appellant. (*Cornell* v. *Reilly* (1954) 127 Cal.App.2d 178, 183-185 [273 P.2d 572]; 59 Ops.Cal.Atty.Gen. 153, 158 (1976).)

---

[1]Government Code section 11506, subdivision (b), provides in part that: "The respondent [to an accusation] shall be entitled to a hearing on the merits if he files a notice of defense, and any such notice shall be deemed a specific denial of all parts of the accusation not expressly admitted...."

The relevant evidence submitted to the administrative law judge consisted entirely of hearsay statements of Reginald, Reginald's father Shedrick, and Eddie. The police reports submitted contained the statements of these three persons and constituted multiple hearsay. Sergeant Peters' affidavit simply authenticated the above documents and added no further evidence to substantiate the Commission's findings. No other evidence was presented by the Commission which supports its findings.

Respondent cites *Savelli v. Board of Medical Examiners* (1964) 229 Cal.App.2d 124 [40 Cal.Rptr. 171], as support for the proposition that hearsay statements are sufficient to support the Commission's findings and further that appellant waived his right to object to the statements by not appearing. In *Savelli*, Division One of the First District Court of Appeal stated at page 139: "Appellant complains that exhibit 9 was hearsay and that, as a result of its admission, the decision of respondent cannot be sustained because it is 'exclusively' based on hearsay evidence. He relies upon Government Code section 11513, applicable to administrative proceedings, which provides in pertinent part that 'Hearsay evidence may be used for the purpose of supplementing or explaining any direct evidence but shall not be sufficient in itself to support a finding unless it would be admissible over objection in civil actions.' Assuming that exhibit 9 constitutes objectionable hearsay, it is nevertheless of probative value because it was unobjected to when offered. [Citations.] *Accordingly, hearsay, admitted without objection, may be considered in support of a finding. (Griswold v. Department of Alcoholic Beverage Control, supra,* at p. 811 [141 Cal.App.2d 807 (297 P.2d 762)]; *Merchant etc. Assn. v. Kellogg E. & D. Co.,* 28 Cal.2d 594, 599 [170 P.2d 923].)" (Italics added.)

This view expressed in *Savelli* was approved in *Kirby v. Alcoholic Bev. etc. Appeals Bd.* (1970) 8 Cal.App.3d 1009, 1018-1020 [87 Cal. Rptr. 908] and in *Borror v. Department of Investment* (1971) 15 Cal. App.3d 531, 546-547 [92 Cal.Rptr. 525]. Both *Kirby* and *Borror* were decided by the same court, Division One of the First District.

*Borror,* in dicta, approved *Kirby* and stated that "hearsay, which is admitted without objection, *is sufficient in itself* to support a finding unless there is some evidence, admissible in administrative proceedings, to the contrary." (*Borror, supra,* at p. 546.) (Italics added.)

Appellant's administrative hearing was governed by the Administrative Procedure Act. As already partially noted, Government Code sec-

tion 11513, subdivision (c), provides: "The hearing need not be conducted according to technical rules relating to evidence and witnesses. Any relevant evidence shall be admitted if it is the sort of evidence on which responsible persons are accustomed to rely in the conduct of serious affairs, regardless of the existence of any common law or statutory rule which might make improper the admission of such evidence over objection in civil actions. *Hearsay evidence may be used for the purpose of supplementing or explaining other evidence but shall not be sufficient in itself to support a finding unless it would be admissible over objection in civil actions.* The rules of privilege shall be effective to the extent that they are otherwise required by statute to be recognized at the hearing, and irrelevant and unduly repetitious evidence shall be excluded." (Italics added.)

■ Respondent urges for the first time on appeal that the statements of Reginald and Eddie are admissible under the exception to the hearsay rule set forth in Evidence Code section 1230 (declarations against interest). This section, however, requires that the declarant be unavailable as a witness for such statements to be admissible under this exception. The record of the administrative hearing fails to substantiate respondent's claim that the witnesses Reginald and Eddie were unavailable and accordingly respondent's assertion of admissibility on this ground is without merit.[2]

■ We agree with the view contrary to *Savelli* expressed in the Third District's decision in *Martin v. State Personnel Bd.* (1972) 26 Cal.App.3d 573, 583 [103 Cal.Rptr. 306], which holds that: "Where section 11513 is applicable, the function of hearsay as substantial evidence is delimited by the section itself. Subdivision (c) declares that hearsay, unless admissible over objection in civil actions, 'shall not be sufficient in itself to support a finding....' In ascribing significance to the absence of objection, the *Savelli, Kirby,* and *Borror* cases fail, in our view, to distinguish between admissibility and substantiality. *If evidence (here, by statute) has insufficient probative value to sustain the proposition for which it is offered, the want of objection adds nothing*

[2]The transcript of the administrative hearing conducted July 7, 1976, reveals only an assertion by respondent's counsel to the administrative law judge that respondent was unable to locate Reginald or Eddie. Although an undelivered letter addressed to Eddie dated January 6, 1976, was submitted as part of a foundational document previously mentioned, said letter preceded the hearing by almost six months. No other testimony or competent evidence was presented to the administrative law judge to substantiate the fact that Reginald and Eddie were unavailable as witnesses or that there were any efforts to locate them and whether such efforts were unsuccessful.

*to its worth and it will not support a finding.* [Citation.]" (Italics added.)

■ No matter how offensive appellant's conduct is alleged to have been, "[i]t is axiomatic that, in disciplinary administrative proceedings, the burden of proving the charges rests upon the party making the charges. [Citations.] Where such proceedings are commenced under the Administrative Procedure Act or pursuant to the statutes governing civil service separations, the Legislature has declared that *all allegations* of the accusation or notice of punitive action are deemed denied by a notice of defense or answer which does not expressly admit them. (Gov. Code, § 11506, subd. (b), and § 19575.) ... [¶] Section 11513, subdivision (c), is unambiguous. ... the statute says nothing about hearsay objections; and, where the hearsay is relevant and such as could be relied on by responsible persons, the statutory mandate that such hearsay be admitted is not compatible with the need for objection. Similarly, the statute precisely describes the conditions under which hearsay will support a finding; ... section 11513 does not vary those conditions when 'there is some evidence, admissible in administrative proceedings, to the contrary.' The terms added to subdivision (c) by *Savelli, Kirby,* and *Borror* appear to us to emasculate its plain meaning. ■ 'The intent of the Legislature must be ascertained from the language of the enactment and where, as here, the language is clear, there can be no room for interpretation.' [Citation.]" (*Martin, supra,* at pp. 582-583.) Division Four of this district has followed the view expressed in *Martin* in its decision in *Layton* v. *Merit System Commission* (1976) 60 Cal. App.3d 58, 67 [131 Cal.Rptr. 318].

■ Finally, respondent's reliance on Government Code section 11520, subdivision (a), is not convincing.[3] As stated in the *Cornell* decision, *supra,* 127 Cal.App.2d 178, the burden was on the Commission to prove a prima facie case against appellant. The unsworn hearsay statements of Reginald, Shedrick and Eddie were not sufficient "other evidence or affidavits" which would justify the Commission's action revoking appellant's credential and there was no other evidence presented to support the Commission's decision.

---

[3]Government Code section 11520, subdivision (a), provides in pertinent part: "(a) If the respondent [to an accusatory pleading] fails ... to appear at the hearing, the agency [Commission] may take action based upon ... *other evidence* and *affidavits* may be used as evidence without any notice to respondent; and where the burden of proof is on the respondent to establish that he is entitled to the agency action sought, the agency may act without taking evidence."

The judgment is reversed with directions to the superior court to issue a peremptory writ directing respondent to set aside its decision and order of December 7, 1979, revoking appellant's general secondary teaching credential.

Potter, Acting P. J., and Cobey, J., concurred.