[No. AO17260. First Dist., Div. Four. Mar. 20, 1984.]

FRUDDEN ENTERPRISES, INC., Petitioner, v.
AGRICULTURAL LABOR RELATIONS BOARD, Respondent;
UNITED FARM WORKERS OF AMERICA, AFL-CIO,
Real Party in Interest.

**COUNSEL**

Robert K. Carrol, Kevin K. Cholakian, Samuel F. Hoffman and Littler, Mendelson, Fastiff & Tichy for Petitioners.

Manuel M. Medeiros, Daniel G. Stone and Michael G. Lee for Respondent.

Dianna Lyons, Federico G. Chavez, Daniel A. Garcia, Ellen J. Eggers, Ira Gottlieb and Wendy Sones for Real Party in Interest.

**OPINION**

**POCHÉ, J.**—Frudden Enterprises, Inc. (Frudden), an agricultural employer within the meaning of Labor Code section 1140.4 subdivision (c),[1] seeks

---

[1]Unless otherwise indicated, all further statutory references are to the Labor Code.

review of a decision of the Agricultural Labor Relations Board (Board) issued in a backpay proceeding. That decision, which followed a finding that Frudden had committed an unfair labor practice, requires Frudden to pay three brothers, Noe, Francisco and Alejandro Garibay the sums of $5,136.51, $3,563.76 and $4,741.26 respectively, with interest compounded at the rate of seven percent per annum, plus such additional backpay and any interest which had accrued as of the date Frudden offered to reinstate them. We granted review in this matter to consider: (1) whether the rules of evidence applicable to California judicial tribunals are binding on the Board in an unfair labor practice proceeding, which according to statute "shall, so far as practicable, be conducted in accordance with the Evidence Code" (§ 1160.2); and, (2) whether uncorroborated hearsay evidence received without objection may constitute "substantial evidence" in support of a finding of the Board within the meaning of section 1160.8.

In September of 1975, the three Garibay brothers, employed by Frudden during the tomato harvest, became involved in union activities in support of the United Farm Workers of America AFL-CIO (UFW). Frudden constructively discharged them on October 3, 1975. On April 5, 1978, the Board issued its decision finding that the brothers had been discharged in violation of subdivisions (a) and (c) of section 1153[2] and ordering Frudden to reinstate and make them whole for their losses. Frudden did not seek review of that order, and the Board's finding of an unfair labor practice became final.

The parties were unable to agree on the amount of back pay to be awarded as a result of the unfair labor practice, and a hearing ensued. There counsel for Frudden and general counsel for the Board stipulated that the gross amounts in the backpay specifications were accurate as amended, and that the method used to compute the gross backpay was reasonable. General counsel "conceded" as interim earnings an amount listed in the backpay specifications.

The backpay specifications for each brother also included $50 in travel expenses from 1975 to 1980. Frudden refused to stipulate either to the travel expenses or to interim earnings, and contended that the brothers had interim earnings greater than the amount conceded by general counsel. To establish travel expenses, general counsel called one witness, Roger Smith, a Board

---

[2]Section 1153 provides: "It shall be an unfair labor practice for an agricultural employer to do any of the following: (a) To interfere with, restrain, or coerce agricultural employees in the exercise of the rights guaranteed in Section 1152. . . . [¶] (c) By discrimination in regard to the hiring or tenure of employment, or any term or condition of employment, to encourage or discourage membership in any labor organization. . . ."

field examiner who had prepared the backpay specifications. Smith testified without objection that he had interviewed the brothers and that they told him that they traveled from their home in Soledad to Salinas, King City and San Lucas in search of employment during the tomato harvest. The travel expenses consisted only of the purchase of gasoline for which the brothers had paid cash but for which they had no receipts. The estimates given to Smith were based on a "trip every day for a few weeks" for each year. Smith testified that the brothers would not have incurred these expenses had they not been discharged by Frudden. The distance from Soledad to King City is 25 miles or a 50-mile round trip.

The administrative law officer (ALO) awarded the backpay stipulated to by the parties, reduced by the amount of interim earnings conceded by general counsel, but declined to award travel expenses. After noting that the only evidence regarding the travel expenses was the hearsay testimony of Smith, admitted without objection, the ALO concluded that "[b]ecause of the hearsay and conclusionary nature of the testimony, I find the evidence too speculative to support a claim for travel expenses." The matter was thereafter transferred to the Board for decision. The Board issued its supplemental decision on March 29, 1982, upholding the award of net backpay but setting aside the ALO's finding that general counsel had failed to prove travel expenses. The Board concluded that Smith's testimony, admitted without objection, was sufficient to sustain an award for travel expenses in the absence of contrary evidence.

## I.

### Backpay and Interim Earnings

First we review Frudden's challenges to the backpay formula utilized by the Board and the amount of interim earnings found by the Board.

█ On review, "findings of the board with respect to questions of fact if supported by substantial evidence on the record considered as a whole shall . . . be conclusive." (§ 1160.8; *Rivcom Corp.* v. *Agricultural Labor Relations Bd.* (1983) 34 Cal.3d 743, 757 [195 Cal.Rptr. 651, 670 P.2d 305].)

### Backpay Formula

█ Frudden characterizes as arbitrary the formula used to establish the backpay award.

■ The Board has wide discretion in fashioning remedies under the Agricultural Labor Relations Act, and a decision of the Board will be interfered with only when an abuse of discretion appears. (*Butte View Farms* v. *Agricultural Labor Relations Bd.* (1979) 95 Cal.App.3d 961, 967-968 [157 Cal.Rptr. 476].) ■ The formula, based on the months of August, September and October—the usual seasonal period of the tomato harvest during which the employees normally would have been employed by Frudden—is not " '. . . so irrational as to amount to an abuse of discretion, . . .' " (*Id.*, at p. 967.)

*Interim Earnings*

■ The purpose of a backpay award is "to make whole the employee who has been discriminated against as the result of an unfair labor practice. The employee is entitled to receive what he would have earned normally during the period of the discrimination against him, *less what he actually earned in other employment during that period.*" (*N. L. R. B.* v. *Brown & Root, Inc.* (8th Cir. 1963) 311 F.2d 447, 452, italics added.)

■ In an unfair labor practice proceeding the burden is upon general counsel to show by a preponderance of the evidence that the employer has been guilty of an unfair labor practice and that an award of backpay is justified. General counsel further has the burden to show the gross amounts of back pay due. When that has been done, however, "the burden is upon the employer to establish facts which would negative the existence of liability . . . ." (*N. L. R. B.* v. *Brown & Root, Inc., supra,* 311 F.2d at p. 454.)

■ Frudden attempted to meet its burden by calling Roger Smith, the Board's field examiner who had interviewed the employees and calculated the amount of the interim wages. Frudden also introduced into evidence, without objection by general counsel, earning records of the Employment Development Department and Social Security and other documentary evidence. These documents reported gross wages on a weekly, quarterly, or yearly basis.[3]

---

[3]There was no attempt by Frudden to authenticate these documents (see Witkin, Cal. Evidence (2d ed. 1966) Documentary Evidence, § 672, p. 632), and although some of these documents may have been authorized exceptions to the hearsay rule (see, e.g., Evid. Code, § 1271 [business records]; Evid. Code, § 1280 [official records]), there was neither objection by general counsel nor any attempt by Frudden to prove that the documents came within an exception to the hearsay rule. Also, much of Smith's testimony was hearsay, i.e., what the employees *had told him* regarding their earnings.

None of Frudden's evidence compelled the Board to find in its favor. For example, the fact that the employees had greater earnings on an annual or quarterly basis does not necessarily establish Frudden's claim that these employees had greater earnings for the period in question, i.e., August through October for the years 1975-1980. Any wages earned outside of that period could not be used to reduce the gross earnings. Therefore the Board did not abuse its discretion in adopting the amount of interim earnings conceded by general counsel.

## II.

### *Travel Expenses*

Roger Smith's testimony as to what the brothers had told him with respect to their travel expenses was clearly hearsay. (Evid. Code, § 1200.)[4] No exceptions are applicable. However, counsel for Frudden not only failed to make a timely objection to Smith's testimony but called Smith as his own witness and elicited the same testimony. The lack of timely objection to the hearsay rendered it competent evidence and removes all power in this court to reverse. "A verdict or finding shall not be set aside, nor shall the judgment or decision based thereon be reversed, by reason of the erroneous admission of evidence unless: (a) There appears of record an objection to or a motion to exclude or to strike the evidence that was timely made and so stated as to make clear the specific ground of the objection or motion; . . ." (Evid. Code, § 353.)

This contemporaneous exception rule is made applicable to the situation at hand by section 1160.2 which requires that ALRB unfair labor practice proceedings "so far as practicable, be conducted in accordance with the Evidence Code." No argument is advanced that the statutory requirement of contemporaneous objection would not be "practical" in unfair labor practice proceedings, much less the instant one where both sides are represented by counsel.

The next question is whether uncorroborated hearsay received without a proper objection or motion to strike may constitute "substantial evidence" in support of a finding of the Board within the meaning of section 1160.8.

---

[4]Evidence Code section 1200 provides in pertinent part: "(a) 'Hearsay evidence' is evidence of a statement that was made other than by a witness while testifying at the hearing and that is offered to prove the truth of the matter stated. [¶] (b) Except as provided by law, hearsay evidence is inadmissible."

Had the brothers actually testified to their respective expenses the finding of the Board would, of course, be supported by substantial evidence. That measure of substantiality does not change when the same proof is elicited second hand—in this case through the hearsay testimony of Smith—and no objection is offered. Hearsay admitted without objection is sufficient to sustain a finding in a California judicial proceeding (Witkin, Cal. Evidence, *op. cit. supra,* § 31, p. 32; §§ 1305-1306, pp. 1207-1208) and we find it similarly sufficient in ALRB proceedings. Accordingly the Board's findings of travel expenses is supported by substantial evidence within the meaning of section 1160.8.

We realize that the result might be different if ALRB proceedings were governed by the Administrative Procedure Act (APA; Gov. Code, § 11500 et seq.) because under its provisions "[h]earsay evidence may be used for the purpose of supplementing or explaining other evidence but shall not be sufficient in itself to support a finding unless it would be admissible over objection in civil actions." (Gov. Code, § 11513, subd. (c).) ▆ ▆▆ ▆ But the Legislature has not made the ALRB subject to the APA. (Gov. Code, § 11501.)[5]

▆ We hold further that the Board properly reserved jurisdiction to modify the backpay awards upon a proper showing of offers of reinstatement to the employees. The petition is not without merit; therefore, the request for sanctions by real party in interest UFW is denied.

Let a decree issue enforcing the order of the Board.

---

[5]Under the APA it is clear that objected-to hearsay evidence is insufficient to support a finding. (See, e.g., *Daniels* v. *Department of Motor Vehicles* (1983) 33 Cal.3d 532, 538 [189 Cal.Rptr. 512, 658 P.2d 1313]; *Himelspach* v. *Department of Motor Vehicles* (1983) 33 Cal.3d 542, 544 [189 Cal.Rptr. 518, 658 P.2d 1319]; cf. *Edison Co.* v. *Labor Board* (1938) 305 U.S. 197 [83 L.Ed. 126, 59 S.Ct. 206] [which also involved objected-to hearsay].) However, the Courts of Appeal have split on the question of the sufficiency of hearsay admitted without objection. The First District Court of Appeal has repeatedly held that unobjected-to hearsay is sufficient to support a finding in the absence of contrary evidence. (*Borror* v. *Department of Investment* (1971) 15 Cal.App.3d 531, 546-547 [92 Cal.Rptr. 525]; *Kirby* v. *Alcoholic Bev. etc. Appeals Bd.* (1970) 8 Cal.App.3d 1009, 1018-1020 [87 Cal.Rptr. 908]; *Savelli* v. *Board of Medical Examiners* (1964) 229 Cal.App.2d 124, 139 [40 Cal.Rptr. 171].) Other districts have disagreed and held that the want of objection does not obviate the legislative mandate that hearsay is insufficient to support a finding under Government Code section 11513, subdivision (c). (See, e.g., *Carl S.* v. *Commission for Teacher Preparation & Licensing* (1981) 126 Cal.App.3d 365, 371-372 [178 Cal.Rptr. 753] [Second District]; *Martin* v. *State Personnel Bd.* (1972) 26 Cal.App.3d 573, 583 [103 Cal.Rptr. 306] [Third District].

This split of authority does not affect our holding that under ALRB proceedings, which are not governed by the APA, unobjected-to hearsay is sufficient to support a finding. As noted, this court's role is not to interpret a legislative mandate on the substantiality of hearsay under the APA. Rather, our role is to ensure that the Evidence Code is applied to ALRB proceedings "so far as practicable." (§ 1160.2.)

Caldecott, P. J., concurred.

**PANELLI, J.**—I respectfully dissent. While I agree that Evidence Code section 1200 is applicable to unfair labor practice proceedings conducted *by the Board* pursuant to section 1160.2, I cannot agree that Evidence Code section 353 is applicable to *this court's* review of a Board decision pursuant to Labor Code section 1160.8. The majority has equated the standard of review afforded by this court to a decision of the Board to that accorded by this court to a decision of a lower court on appeal.

The Board is not a court; it is an administrative agency charged with the administration of this State's agricultural labor laws (Lab. Code, § 1140 et seq.; *Agricultural Labor Relations Bd.* v. *Superior Court* (1976) 16 Cal.3d 392, 399-400 [128 Cal.Rptr. 183, 546 P.2d 687]; *Shepard* v. *N.L.R.B.* (1983) 459 U.S. 344, 351 [74 L.Ed.2d 523, 529, 103 S.Ct. 665, 670]). The inapplicability of Evidence Code section 353 to our review of Board decisions under section 1160.8 is illustrated by the statute's requirement that the reviewing court take the additional step of determining whether the "error or errors complained of resulted in a miscarriage of justice" (Evid. Code, § 353, subd. (b)),[1] a procedure not characteristic of our review of an extraordinary writ proceeding. (See *Tex-Cal Land Management, Inc.* v. *Agricultural Labor Relations Bd.* (1979) 24 Cal.3d 335, 350-351 [156 Cal.Rptr. 1, 595 P.2d 579]; 5 Witkin, Cal. Procedure (2d ed. 1983 supp.) Extraordinary Writs, § 11A, pp. 318-319.)

The practical effect of the majority opinion will be the imposition of the strict rules of evidence, which are applicable to trials in courts of record, to hearings before this administrative agency. The result will undoubtedly be to overload the hearing and administrative record with objections and to interfere with the flexibility necessary to have expeditious hearings free from the compulsion of technical rules of evidence.

The majority has also failed to make the distinction between the admissibility of evidence and the sufficiency of evidence to support an administrative finding. (*Daniels* v. *Department of Motor Vehicles* (1983) 33 Cal.3d

---

[1]Evidence Code section 353, in its entirety, provides: "A verdict or finding shall not be set aside, nor shall the judgment or decision based thereon by reversed, by reason of the erroneous admission of evidence unless:

"(a) There appears of record an objection to or a motion to exclude or to strike the evidence that was timely made and so stated as to make clear the specific ground of the objection or motion; *and*

"(b) The court which passes upon the effect of the error or errors is of the opinion that the admitted evidence should have been excluded on the ground stated and that the error or errors complained of resulted in a miscarriage of justice." (Italics added.)

532, 538, fn. 3 [189 Cal.Rptr. 512, 658 P.2d 1313].) Mere uncorroborated hearsay does not constitute substantial evidence to support an administrative finding. (*Edison Co.* v. *Labor Board* (1938) 305 U.S. 197, 230 [83 L.Ed. 126, 140, 59 S.Ct. 206]; *Daniels* v. *Department of Motor Vehicles, supra,* 33 Cal.3d at p. 537.) There must be substantial evidence to support an administrative finding, and hearsay, unless specially permitted by statute, is not competent evidence to that end. (*Daniels* v. *Department of Motor Vehicles, supra,* 33 Cal.3d at p. 537; *Walker* v. *City of San Gabriel* (1942) 20 Cal.2d 879, 881 [129 P.2d 349, 142 A.L.R. 1383]; *Layton* v. *Merit System Commission* (1976) 60 Cal.App.3d 58, 67-68 [131 Cal.Rptr. 318].) It is questionable whether a statute permitting the admission of hearsay, even if it existed, would necessarily sanction *sole* reliance on uncorroborated hearsay. (*Daniels* v. *Department of Motor Vehicles, supra,* 33 Cal.3d at p. 538, fn. 4; see Collins, *Hearsay and the Administrative Process: A Review and Reconsideration of the State of the Law of Certain Evidentiary Procedures Applicable in California Administrative Proceedings* (1976) 8 Sw.U.L.Rev. 577, 603, fn. 132.)

The uncorroborated hearsay testimony of the Board's examiner Smith, the *sole* evidence in support of the finding, does not constitute "substantial evidence" to support the award of travel expenses within the meaning of section 1160.8. I would remand to the Board with directions to set aside the award of travel expenses.

Petitioner's application for a hearing by the Supreme Court was denied June 14, 1984. Bird, C. J., did not participate therein.